Tracy L. Riley, Esquire
Attorney ID 006862008
Michael E. Riley, Esquire
Attorney ID 007511976
LAW OFFICES OF RILEY & RILEY
2 Eves Drive, Suite 109
Marlton, New Jersey  08053
(609) 914-0300
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| MARIE ELENA PINE, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | :  **COMPLAINT AND JURY DEMAND** |
| | : |
| COUNTY OF OCEAN; | : |
| COMMISSIONER, JOSEPH H. VICARI; | : |
| COMMISSIONER, VIRGINIA E. HAINES; | : |
| COMMISSIONER, BARBARA JO CREA; | : |
| JOHN DOES 1 – 10; and JANE DOES 1 – 10, | : |
| | : |
| Defendants. | : |

Plaintiff, Marie Elena Pine, by and through her attorneys, Law Offices of Riley & Riley by way of Complaint against the defendants, both jointly and severally, respectfully states as follows:

## PARTIES

1. Plaintiff, Marie Elena Pine is a resident of Ocean County, New Jersey and an employee of the defendant.

2. Defendant, County of Ocean is government entity chartered by the State of New Jersey and is located at 101 Hooper Avenue, Toms River, New Jersey.

3. Defendant, Joseph H. Vicari is a Commissioner for the County of Ocean. Defendant Vicari is sued individually and in his official capacity.

4. Defendant, Virginia Haines is a Commissioner for the County of Ocean. Defendant Haines is sued individually and in her official capacity.

5. Defendant, Barbara Jo Crea is a Commissioner for the County of Ocean. Defendant Crea is sued individually and in her official capacity.

6. Defendants, John Does 1-10 and Jane Does 1-10 are fictitious names heretofore-unidentified individuals who were responsible for the damages and/or harm to the Plaintiff outlined herein.

## JURISDICTION AND VENUE

7. Each and all acts of defendants were performed under the color and pretense of the constitution, statutes, ordinances, regulations, customs and usages of the United States of America, the State of New Jersey, and the County of Ocean.

8. The incidents which give rise to this cause of action occurred within this jurisdiction and over a period of years including one year of filing of this Complaint.

9. Venue is proper pursuant to 28 U.S.C. §1391, as all the defendants are residents of this district and/or all the acts or omissions which give rise to this cause of action occurred within this district.

10. Jurisdiction is proper pursuant to federal question jurisdiction, 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3)(4) and 42 U.S.C. §1983. Plaintiff further invokes the pendent and

supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

11. Plaintiff, Marie Elena Pine has been employed by the Defendant, County of Ocean since July 21, 1998.

12. Plaintiff was assigned to the Office of Senior Services.

13. At this time, Plaintiff was a single mother of two little girls.

14. At all times relevant herein, the Plaintiff has performed her duties up to or beyond the reasonable expectations of her employer.

15. Plaintiff was subjected to over two decades of intimidation, a hostile work environment, an offensive work environment, sexual abuse and sexual harassment.

16. Defendant, Joseph Vicari was the then Freeholder, now Commissioner assigned to oversee the Office of Senior Services.

17. During the time of 2003 through 2004, then Freeholder, Defendant, Joseph Vicari would come into the office and make passes at the Plaintiff.

18. Defendant, Joseph Vicari would physical place himself in such a way that Plaintiff could not move, and he would rub into the Plaintiffs breasts.

19. Defendant, Joseph Vicari would call interoffice from his private office number and tell Plaintiff how attractive she was and that he could not believe Plaintiff was not dating anyone.

20. Defendant, Joseph Vicari would lure the Plaintiff into his office by asking Plaintiff to bring him Senior Services documents and would close his office door behind her.

21. On or about June 6, 2004, Plaintiff was promoted to the position of Program Monitor and received a $19,000 raise.

22. Based on the "closed door" meetings and the raise, rumors started around the County that Plaintiff and Defendant, Joseph Vicari were romantically involved.

23. Plaintiff was NEVER romantically or sexually involved with Defendant, Joseph Vicari.

24. Plaintiff's promotion came at a price and Defendant, Joseph Vicari's advances continued even more.

25. Defendant, Joseph Vicari would call the Plaintiff all hours of the night asking that she do extra work. This was just an excuse he used to talk to her to make sure she was not with someone else.

26. Defendant, Joseph Vicari would follow the Plaintiff to various speaking engagements to seniors about Medicare.

27. Defendant, Joseph Vicari would introduce the Plaintiff as the Assistant Director at these engagements creating issues with Plaintiff's then supervisor, Jane Maloney.

28. Plaintiff was not comfortable wearing a skirt to work.

29. At monthly meetings, Defendant, Joseph Vicari would sit next to the Plaintiff and put his hand on Plaintiff's thigh under the table.

30. Defendant, Joseph Vicari constantly insinuated that if she reported him, she would not only get any future promotions, but Plaintiff would also lose her job.

31. Defendant, Joseph Vicari required Plaintiff to take him to work events.

32. When Plaintiff questioned Defendant, Joseph Vicari about taking him to these events he reminded Plaintiff that it was part of her job.

33. After one of these events in Monmouth County, he insisted on stopping to get something to eat where Plaintiff and Defendant, Commissioner Vicari ran into, Keith Goetting the Director of Ocean County Department of Employee Relations and his family.

34. Defendant, Joseph Vicari's wife was out of town. He directed Plaintiff to deliver Senior Services paperwork to his home since it was Plaintiff's job.

35. In fear of losing her job and providing for her two children, Plaintiff complied.

36. When Plaintiff arrived at Defendant, Joseph Vicari's home he advised Plaintiff that his wife wasn't home, and he wanted to show her the house.

37. Plaintiff advised Defendant, Joseph Vicari that she needed to get back to the office.

38. Defendant, Joseph Vicari reminded Plaintiff that HE WAS THE BOSS, and the office could wait.

39. Defendant, Joseph Vicari made advances at the Plaintiff and tried to undress her.

40. In fear, Plaintiff froze as Defendant Vicari began unbuttoning her shirt then put his hand under her shirt and fondled her breast.

41. On March 10, 2005, the Ocean County Federation of Republican Women named then Freeholder, Defendant Joseph Vicari as Man of the Year and Plaintiff, then Marie Elena O'Connor as Woman of the Year.

42. Defendant, Joseph Vicari used this as an opportunity to continue to make advances at the Plaintiff.

43. Defendant, Joseph Vicari was relentless. He had to continue to stand next to the Plaintiff and would tell individuals that approached, Plaintiff was friends with his daughter.

44. After years of sexual assault and harassment, Plaintiff began to be singled out by her direct supervisor, Jane Maloney.

45. On May 25, 2011, Plaintiff submitted a letter to Keith Goetting, Director of Ocean County Department of Employee relations consenting to a transfer.

46. Plaintiff tried to get away from the direct contact with Defendant, Joseph Vicari and transferred to the Human Services Department as the Coordinator for Individuals with Disabilities.

47. Despite these efforts, the Plaintiff could not get away from the Defendant, Joseph Vicari sexual assault and sexual abuse.

48. Defendant, Joseph Vicari would have meetings in the third-floor conference room and unfortunately, Plaintiff's office was right next door.

49. Defendant, Joseph Vicari would wander into Plaintiff's office and grab her breasts.

50. Plaintiff remained in fear of losing her job.

51. After dealing with years of physical and emotional abuse at the hands of her boss, Defendant, Joseph Vicari, Plaintiff took a three month leave of absence from February 1, 2012 through April 30, 2012.

52. Defendant, Joseph Vicari still had the ability to control Plaintiff's employment with the County of Ocean.

53. On December 5, 2013, Plaintiff submitted her resume to the Ocean County Freeholder Board to be considered as the Director of Office of Senior Services.

54. Plaintiff was punished and did not receive the position for failing to agree to Defendant, Joseph Vicari's advances.

55. Defendant, Joseph Vicari told the Plaintiff, "You didn't get the job because of me."

56. Plaintiff continued to work hard for the Defendant, County of Ocean for their seniors and individuals with disabilities.

57. In January 2015, Plaintiff began working as the Coordinator for the Advisory Commission on the Status of Women.

58. On August 21, 2017, Plaintiff had a meeting with Keith Goetting to discuss another matter. During this meeting, Plaintiff disclosed to Mr. Goetting that Defendant Vicari was sexually harassing her.

59. Despite this complaint, no investigation was conducted and no action was taken by Defendant, County of Ocean.

60. On or about November of 2017, Plaintiff became the Building Facilitator of the Southern Service Center.

61. Defendant, Joseph Vicari attended a meeting in November of 2017, on the third floor.

62. Defendant, Joseph Vicari asked Plaintiff's co-worker where she was.

63. Defendant, Joseph Vicari sought Plaintiff out once again to sexually assault and harass her.

64. Defendant, Joseph Vicari saw this move as another opportunity to make unwanted advances at the Plaintiff.

65. On December 16, 2017, Plaintiff attended a breakfast at Captain's Inn. Defendant, Joseph Vicari was there, following the Plaintiff around and made physical advances at the Plaintiff.

66. On or about August 29, 2018, Plaintiff was at an event with Congressman Tom McArthur.

67. Defendant, Joseph Vicari saw this as yet another opportunity to make unwanted sexual advances.

68. Defendant, Joseph Vicari approached the Plaintiff and stated he had not seen her for a while but that she looked good.

69. Defendant, Joseph Vicari then proceeded to tell the Plaintiff that "he could really make her happy" and " her breasts were beautiful".

70. Looking was still not enough for Defendant, Joseph Vicari, he took this opportunity to once again sexually assault and harass Plaintiff by rubbing up against her as he walked by.

71. As part of her job duties, Plaintiff attended the ribbon cutting of the Ocean County Southern Service Center Nutrition site on or about May 15, 2019,

72. Defendant Commissioner, Joseph Vicari, Defendant Commissioner, Virginia Haines and Commissioner, Gary Quinn attended the ribbon cutting ceremony.

73. Defendant, Joseph Vicari was certain to arrive early so that he had an opportunity to corner the Plaintiff once again. While alone in her office, Defendant, Joseph Vicari sexually assaulted and harassed the Plaintiff.

74. After being sexually assaulted and harassed, Plaintiff was forced to go and perform her job duties at the ribbon cutting event.

75. Defendant, Virginia Haines was quoted during this ceremony as stating, "With more than 173,000 seniors living in Ocean County, the senior programs and services under the leadership of Freeholder Vicari are second to none."

76. At the time Defendant, Virginia Haines made this statement she was fully aware that Defendant, Joseph Vicari had been named in a sexual harassment lawsuit.

77. At the time Defendant, Virginia Haines made this statement she was fully aware that the Defendant, County of Ocean had paid $550,000 to settle the lawsuit naming Defendant, Joseph Vicari.

78. Cornering the Plaintiff in her office before the ceremony was not enough for Defendant, Joseph Vicari.

79. After the ribbon cutting ceremony was complete, Defendant, Joseph Vicari directed Plaintiff to give him a private tour of the facility.

80. Defendant, Joseph Vicari cornered Plaintiff once again and told her, "I bet you missed me."

81. This was not the only tour the Defendant, Joseph Vicari sought. In March of 2021, Defendant Vicari brought Director, Stephen Scaturro to tour the Ocean County Southern Service Center Nutrition facility.

82. While Director, Stephen Scaturro was talking elsewhere, Defendant, Joseph Vicari cornered Plaintiff again to sexually assault and harass the Plaintiff.

83. Defendant, Joseph Vicari saw this as yet another opportunity to fondle Plaintiff's breasts and to tell her how good she looked.

84. Plaintiff continued to be in fear of losing her job and of her reputation.

85. Plaintiff continued to be confronted with an intimidating, hostile and offensive work environment.

86. On May 13, 2021 at 2:17 p.m., Plaintiff received a telephone call on her cell phone that she did not answer.

87. The blocked caller, Defendant, Joseph Vicari, left the following message: "Hey Marie, how you doing. It's Joe, when you get a chance give me a call on my cell phone. You have my number."

88. Before Plaintiff could even listen to the voicemail message, Plaintiff received another call on May 13, 2021 at 2:26 p.m. which she answered – it was the Defendant, Joseph Vicari.

89. Defendant, Joseph Vicari proceeds to tell the Plaintiff that he had attended the retirement party of Ocean County employee, Sue Kaiser.

90. In this conversation, Defendant, Joseph Vicari told Plaintiff that Sue Kaiser is "so obsessed with him that she follows him around", "she has multiple pictures of him hanging around", "Kaiser is jealous because she didn't want him (Vicari) to be with me (Plaintiff)."

91. After years of harassment and abuse, Plaintiff finally had the courage to stand up to the Defendant, Joseph Vicari.

92. Plaintiff told Defendant, Joseph Vicari that his sexual abuse and harassment had to stop.

93. Plaintiff told Defendant, Joseph Vicari she was tired of being threatened and asked to do something she didn't want to do because she was afraid of losing her job.

94. Plaintiff told Defendant, Joseph Vicari her life had been ruined because of him due to the emotional distress he put her through, the sexual assault and harassment, the false rumors, the impact on her reputation and her career.

95. Plaintiff told Defendant, Joseph Vicari she was getting married, and she wanted to be left alone.

96. The Commissioner, Defendant, Joseph Vicari ended the call with – "nobody will make you as happy as I did."

97. Despite having the courage to finally confront her boss and her abuser, Plaintiff contacted Robert A. Greitz, Director of Employee Relations, a representative of the Defendant, County of Ocean, to once again report the years of sexual assault and harassment by Defendant, Joseph Vicari.

98. Plaintiff met with Director Greitz and Personnel Specialist, Patricia Burke on several occasions to report multiple incidents of sexual assault and sexual harassment caused by Defendant, Joseph Vicari.

99. On September 28, 2021, Plaintiff sat with Defendant, Barbara Jo Crea at a Chamber of Commerce Women in Business Meeting at the Hotel LBI.

100. Plaintiff and Defendant, Crea spoke at length about Defendant, Ocean County. Defendant Crea asked Plaintiff why she was not with Senior Services.

101. Plaintiff told Defendant, Crea about the sexual assaults and sexual harassment that she had been subjected to by Defendant, Vicari.

102. On February 28, 2022, Defendant, Crea called Plaintiff to discuss an upcoming meeting they were both scheduled to attend.

103. Defendant Crea did not want Plaintiff to reveal any prior conversations

104. At the time Plaintiff made the report to Director Greitz, the Defendant, County of Ocean had a policy against discrimination and harassment that was issued by the Board of Chosen Freeholders on November 19, 2020.

105. Plaintiff complied with the reporting procedures by selecting Director Robert Greitz to report the intimidating, hostile, offensive, sexually harassing work environment she was subjected to.

106. After reporting these serious allegations to the representative of the Defendant, County of Ocean, upon information and belief, the Defendant, Joseph Vicari was told to stay away from the Plaintiff, not to call or have contact with the Plaintiff.

107. Plaintiff was directed not to enter the Ocean County Administration Building without an escort.

108. After receiving additional job duties Plaintiff was not comfortable performing, she sought a transfer back to Senior Services.

109. The current Director of Human Resources and the Director of the Senior Center both agreed to Plaintiff transferring back to Senior Services subject to certain Commissioner's approval.

110. Defendant, Joseph Vicari has a supervisory role over the current department Plaintiff is assigned.

111. Based on the Commissioner assignments, Defendants, Joseph Vicari, Virginia Haines and Barbara Jo Crea had the ability to agree or disagree with the transfer of the Plaintiff.

112. Defendants refused to transfer Plaintiff to the Senior Center in retaliation for her reporting the actions of Defendant, Joseph Vicari.

113. Upon information and belief, this is not the first time that Defendant, Joseph Vicari was accused of sexual harassment.

114. Defendant, Joseph Vicari prefers to be referred to as the "Italian Stallion".

115. Despite their knowledge of Defendant, Joseph Vicari's prior history, nothing has been done to hold him accountable for his actions.

116. Defendant, County of Ocean has a custom, policy and practice of failing to supervise and train their employees on discrimination and harassment.

117. Plaintiff has been employed with the Defendant, County of Ocean for over 23 years.

118. In all of her years of service, Plaintiff herself has only received training once prior to reporting the harassment and hostile work environment that she was repeatedly subjected to.

119. Despite the prior lawsuit filed in 2014, Rosemary Mennona v. Joseph Vicari, et al., Defendant, County of Ocean failed to provide training to all of their employees.

### COUNT I
### *Sexual Harassment Under New Jersey's Law Against Discrimination*

120. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

121. Defendants have discriminated against Plaintiff in violation of the New Jersey Law Against Discrimination by subjecting her to disparate treatment because of her gender.

122. As a direct and proximate result of the Defendant's unlawful discriminatory conduction in violation of the New Jersey Law Against Discrimination, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

123. Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of the New Jersey Law Against Discrimination, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants upon her claim for compensatory damages, punitive damages, attorney's fees, costs of suit, and such other relief as may be equitable and just.

## COUNT II
### *Retaliatory Harassment Under New Jersey's Law Against Discrimination*

124. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

125. For the reasons set forth above, Defendants are liable to Plaintiff for retaliatory harassment in violation of the Law Against Discrimination.

**WHEREFORE**, Plaintiff demands judgment against Defendants upon her claim for compensatory damages, punitive damages, attorney's fees, costs of suit, and such other relief as may be equitable and just.

## COUNT III
### *Reprisal Under New Jersey's Law Against Discrimination*

126. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

127. For the reasons set forth above, the Defendants conduct constitutes retaliation under the Law Against Discrimination and renders them liable to plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants upon her claim for compensatory damages, punitive damages, attorney's fees, costs of suit, and such other relief as may be equitable and just.

## COUNT IV
### *Violation of New Jersey's Civil Rights Act, N.J.S.A. 10:6-1 to -2*

128. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

129. Defendants have deprived the Plaintiff of substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States.

130. Defendants have deprived the Plaintiff of substantive rights, privileges or immunities secured by the Constitution or laws of the State of New Jersey.

131. Defendants have interfered with Plaintiff's exercise of enjoyment of substantive rights, privileges or immunities by threats, intimidation, or coercion.

132. Defendants acted under color of state law at all times mentioned herein.

**WHEREFORE**, Plaintiff demands judgment against Defendants upon her claim for compensatory damages, punitive damages, attorney's fees, costs of suit, and such other relief as may be equitable and just.

## COUNT V
### Deprivation of Federally Protected Rights Under 42 U.S.C.A. §1983

133. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

**WHEREFORE**, Plaintiff demands judgment against Defendants upon her claim for compensatory damages, punitive damages, attorney's fees, costs of suit, and such other relief as may be equitable and just.

## COUNT VI
### Deprivation of Federally Protected Rights Under 42 U.S.C.A. §1983
### Monell Claim

134. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

135. Defendant, County of Ocean is liable for the deprivation of Plaintiff's federally protected rights, as described in the foregoing causes of action.

136. At all relevant times, the Defendant, County of Ocean was responsible for the training of all employees in the County of Ocean in the prevention of discrimination pursuant to the Law Against Discrimination.

137. Defendant has repeatedly and knowingly failed to enforce the laws of the United States, the State of New Jersey and the regulations of the County of Ocean, thereby creating an atmosphere of lawlessness, whereby actions on violation for the law set forth herein are condoned and justified by their superiors.

138. At the times described above, Defendant has developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the County of Ocean.

139. It was the policy and/or custom of the Defendant, County of Ocean and the other Defendants herein to inadequately and improperly supervise and train its employees and to inadequately and improperly investigate complaints made by employees.

140. As a result of the above-described policies and customs, individuals such as Defendant Commissioner, Joseph Vicari believed that their actions would not be properly monitored by supervisory personnel and that misconduct in connection with employment matters would not be investigated or sanctioned but – would be tolerated.

141. By reason of the aforesaid violation of Plaintiff Pine's rights, Plaintiff is entitled to recover damages under 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff demands judgment against Defendant, County of Ocean upon her claim for compensatory damages, punitive damages, attorney's fees, costs of suit, and such other relief as may be equitable and just.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, notice is hereby given that Tracy Riley, Esquire and Michael Riley, Esquire are designated as trial counsel for the within matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1

The undersigned, an attorney at law in the State of New Jersey, hereby certifies that, to the best of my present knowledge, the within matter is not the subject of any other actions or arbitration proceeding, nor are any such other actions or arbitration proceedings presently contemplated in this matter.

## NOTICE OF LITIGATION HOLD

The parties are hereby required to preserve all physical and electronic information that may be relevant to the issues to be raised, including but not limited to, Plaintiff's employment, Plaintiff's cause of action, request for relief, to any defenses to same, and pertaining to any party, including but not limited to, electronic data storage, close circuit tv footages, digital images, computer images, cache memory, searchable data, emails, spreadsheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including but not limited to, Facebook, Twitter, Linkedin, etc.) and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

Failure to do so may result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

The obligation to preserve evidence begins when a party knows or should have known that the evidence is relevant to future or current litigation. You are on notice of litigation and therefore have an obligation to suspend your routine document retention/destruction policy and put in place a "litigation hold" to ensure preservation of relevant documents."

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all of the triable issues of this complaint, pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

Respectfully submitted,

**LAW OFFICES OF RILEY & RILEY**

/s/ Tracy L. Riley
Tracy L. Riley, Esquire

/s/ Michael E. Riley
Michael E. Riley, Esquire

Dated: May 11, 2022