BERRY SAHRADNIK KOTZAS & BENSON, P.C.
MARY JANE LIDAKA, ESQ.
212 Hooper Avenue, PO Box 757
Toms River, NJ 08754
(732) 349-4800; Fax: (732) 505-3073
Attorneys for Defendants County of Ocean, Commissioner Virginia Haines, Commissioner
Barbara Jo Crea, and Tracy Maksel

| | |
|---|---|
| MARIE ELENA PINE,<br><br>                  Plaintiff<br><br>       vs.<br><br>COUNTY OF OCEAN;<br>COMMISSIONER, JOSEPH H. VICARI;<br>COMMISSIONER, VIRGINIA E. HAINES;<br>COMMISSIONER, BARBARA JO CREA;<br>TRACY MAKSEL, *et al.*<br><br>             Defendants | **UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY**<br><br>**Civ. Act. No.: 3:22-cv-02760-FLW-DEA**<br><br><br>**<u>Civil Action</u>** |

---

**DEFENDANTS COUNTY OF OCEAN, COMMISSIONER VIRGINIA HAINES, COMMISSIONER BARBARA JO CREA, AND TRACY MAKSEL'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF AN ANSWER**

---

Mary Jane Lidaka, Esq.
     *On the Brief*

## TABLE OF CONTENTS

1. Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

2. Statement of Facts/Procedural History . . . . . . . . . . . . . . . . . . . . . . 1

3. Point I
   **THE PLAINTIFF'S COMPLAINT AS TO DEFENDANTS
   OCEAN COUNTY, HAINES, CREA AND MAKSEL MUST BE DISMISSED
   FOR FAILURE TO STATE A CLAIM, PURSUANT
   TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** . . . . . . . . . 4

   Point II
   **PLAINTIFF'S CLAIMS PRIOR TO MAY 11, 2020 ARE
   BARRED BY THE LAW AGAINST DISCRIMINATION (LAD)
   AND CIVIL RIGHTS §1983 STATUTES OF LIMITATIONS** . . . . . . 7

   Point III
   **PLAINTIFF CANNOT ESTABLISH SEXUAL HARASSMENT
   OR HOSTILE WORK ENVIRONMENT CLAIMS UNDER THE
   LAW AGAINST DISCRIMINATION** . . . . . . . . . . . . . . . . . . . . . . . . .12

   Point IV
   **PLAINTIFF CANNOT ESTABLISH GENDER-BASED
   DISCRIMINATION OR RETALIATION AS TO THESE
   DEFENDANTS AND DISMISSAL IS APPROPRIATE** . . . . . . . . . . 18

   Point V
   **PLAINTIFF CANNOT ESTABLISH A CAUSE OF ACTION
   AGAINST DEFENDANTS HAINES, CREA AND MAKSEL
   UNDER 42 U.S.C. §1983 AND, THEREFORE, DISMISSAL
   IS APPROPRIATE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

   Point VI
   **THESE DEFENDANTS ARE ENTITLED TO DISMISSAL
   OF COUNT IV OF PLAINTIFF'S COMPLAINT FOR CLAIMS
   UNDER THE NEW JERSEY CIVIL RIGHTS ACT** . . . . . . . . . . . 25

   Point VII
   **IN THE ALTERNATIVE, DEFENDANTS HAINES, CREA
   AND MAKSEL DEMAND A MORE DEFINITE STATEMENT
   IN ACCORDANCE WITH FEDERAL RULE OF CIVIL
   PROCEDURE 12(e)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

4. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

# TABLE OF AUTHORITIES

## CASES:

Acevedo v. Monsignor Donovan High School, 420 F.Supp.2d 337
(D.N.J. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Alexander v. Seton Hall Univ., 204 N.J. 219 (2010) . . . . . . . . . . . . . . . . . . . 8

Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 271 (3rd Cir. 2010). . . . . . 19

Armstrong v. Sherman, No. 09-716, 2010 WL 2483911,
*5 (D.N.J. June 4, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009). . . . . . . . . . . . . . . . . . . . . . . . . 5

Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979) . . . . . . . . . . . . . . 22, 23, 24

Battaglia v United Parcel Post, 214 N.J. 518 (2013) . . . . . . . . . . . . . . . . . . . 21

Beasley v. Passaic County, 377 N.J. Super. 585, 607 (App. Div. 2005) . . . . . . 13

Caggiano v. Fontoura, 354 N.J. Super. 111, 128-129 (App. Div. 2002) . . . . . . 14

Caissie v. City of Cape May, 619 F. Supp. 2d 110, 115 (D.N.J. 2009) . . . . . . . 5

Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) . . . . . . . 23

Cito v. Bridgewater Township Police Dept., 982 F.2d 23, 25 (3rd Cir. 1989) . . . 8

Cokus v. Bristol-Myers Squibb Co., 362 N.J. Super. 245, 246
(App. Div. 2003), certif. denied, 178 N.J. 32 (2003). . . . . . . . . . . . . . . . . 13, 14

Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102,
2 L.Ed.2d 80 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Craig v. Ewing Township, 678 F. Supp. 1106 (D.N.J. 1988). . . . . . . . . . . . . . 8

Cutler v. Dorn, 196 N.J. 419, 431 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 193 (3rd Cir. 2015) . . . . . . . . . 21

Daniels v. Williams, 474 U.S. 327 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Davidson v. Cannon, 474 U.S. 344 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Dunkley v S.  Coraluzzo Petroleum, 437 N.J. Super. 366 (App. Div. 2014). . . . 15

Elmore v. Cleary, 399 F.3d 279, 281 (3rd Cir. 2005) . . . . . . . . . . . . . . . . . 23

El-Sioufi v. St. Peter's University Hosp., 382 N.J. Super. 145, 176
(App. Div. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3rd Cir. 2014) . . . . 6

Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3rd Cir. 2009) . . . . . . . . . . . . 5

Freeman v. State of New Jersey, 347 N.J. Super. 11, 22 (App. Div. 2002) . . . . 9

Fried v. J.P. Morgan Chase & Co., 850 F.3d 590, 604 (3rd Cir. 2017) . . . . . . . 7

Fuentes v. Perskie, 32 F.3d 759, 765 (3rd  Cir. 1994) . . . . . . . . . . . . . . . . . 19

Geraci v. Moody-Tottrup, Int'l, Inc., 82 F.3d 578, 581 (3rd Cir. 1996) . . . . . .  19

Gerety v. Atl. City Hilton Casino Resort, 184 N.J. 391, 398, 400 (2005) . . . . . 19

Glenside West Corp. v. Exxon Co., U.S.A., 761 F.Supp. 1100,
1107 (D.N.J. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

Golden State Transit v. City of Los Angeles, 493 U.S. 103, 106,
110 S. Ct. 444, 448 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Graham v. Connor, 490 U.S. 386 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Gutman v. Howard Savings Bank, 748 F.Supp. 254, 260 (D.N.J.1990) . . . . . . . 4

Hancock v. Borough of Oaklyn, 347 N.J. Super. 350, 361 (App. Div. 2002) . . . 14

Hanna v. U.S. Veterans Administration Hospital, 514 F.2d 1092, 1094
(3rd Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Hartfeld v. N.J. State Police, No. 16-5461, 2017 WL 3184173,
at *5 (D.N.J. July 26, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3rd Cir. 2011) . . . . . . 23

Henry v. N.J. Dept. of Human Services, 204 N.J. 320, 324 (2010). . . . . . . . . . 8

iv

Henschke v. Borough of Clayton, 251 N.J. Super. 393, 401
(App. Div. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Herman v. Coastal Corp., 348 N.J. Super. 1, 20 (App. Div. 2002),
certif. den'd., 174 N.J. 363 (2002) . . . . . . . . . . . . . . . . . . . . . . . 12, 15, 16, 17

Hillard v. New Jersey Army Nat'l Guard, 527 F. Supp. 405 (D.N.J. 1981) . . . . 23

Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232-33,
81 L.Ed.2d 59 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Illas v. Gloucester County Sheriff's Dept., 2015 WL 778806,
at *4 (D.N.J. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Ingram v. Twp. of Deptford, 911 F. Supp. 2d 289, 298 (D.N.J. 2012) . . . . . . 24

Klein v. Donatucci, 861 F. App'x 503, 507 (3rd Cir. 2021) . . . . . . . . . . . . . . 23

Klein v. UMDNJ, 377 N.J. Super. 28, 47 (App. Div. 2005) . . . . . . . . . . . . . . 13

Lehmann v. Toys 'R' Us, Inc. 132 N.J. 587, 602 (1993) . . . . . . . . . . . . . 15, 17

Lynch v. New Deal Delivery Serv., Inc., 974 F.Supp. 441, 452 (D.N.J.1997) . . 17

Maine v. Thiboutot, 448 U.S. 1, 7 (1984). . . . . . . . . . . . . . . . . . . . . . . . 22

Malleus v. George, 641 F.3d 560, 563 (3rd Cir. 2011) . . . . . . . . . . . . . . . . . 5

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) . . . . . . . . . . . 18

Meleika v. Bayonne Police Dept., (D.N.J. decided May 7, 2020) . . . . . . . . . 25

Middlesex County Sewage v. National Sea Clammers Assn.,
453 U.S. 1, 19 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Middleton v. City of Ocean City, No. 12-0605, 2014 WL 2931046,
at *6 (D.N.J. June 30, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Monell v. Department of Social Services, 436 U.S. 663 (1978). . . . . . . . . . . . 1

Montells v. Haynes, 133 N.J. 282, 285 (1993) . . . . . . . . . . . . . . . . . . . . . 7, 8

Montgomery v. DeSimone, 159 F.3d 120, 125 (3rd Cir. 1998) . . . . . . . . . . . 9

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3rd Cir. 1997) . . . . . . . . 5

O'Connor v. Consol. Caterers Corp., 517 U.S. 308, 312 (1996) . . . . . . . . . . . 19

Oshiver v. Levin, Fishbein, Sedran and Berman, 38 F.3d 1380,
1386 (3rd Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Owens v. Okure, 488 U.S. 235 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Papasan v. Allain, 478 U.S. 265, 286 (1986). . . . . . . . . . . . . . . . . . . . . 5

Peper v. Princeton Univ. Bd. of Trs., 77 N.J. 55, 81-82 (1978). . . . . . . . . . . . 19

Petruska v. Reckitt Benckiser, LLC, No. 14-3663, 2015 WL 1421908,
at *6 (D.N.J. Mar. 26, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Pivirotta v. Innovative Sys., Inc., 191 F.3d 344, 355 (3rd Cir. 1999) . . . . . . . . 19

Plain v. Flicker, 645 F. Supp. 898 (D.N.J. 1986). . . . . . . . . . . . . . . . . . . . . 8

Quern v. Jordan,  440 U.S. 332, 351 (1979) . . . . . . . . . . . . . . . . . . . . . . . 22

Reid v. Barret, 467 F. Supp. 124 (D.N.J. 1979), aff'd 615 F.2d 1354
(3rd Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Rezem Family Assocs. L.P. v. Borough of Millstone, 423 N.J. Super.
103, 115 (App. Div. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Rivkin v. Dover Twp Rent Leveling Bd, 143 N.J. 352, 362-3 (1996). . . . . . . . 24

Rizzo v. Goode, 423 U.S. 328, 376, 96 S.Ct. 598, 606 (1976). . . . . . . . . . . . 9

Robinson v. Johnson, 313 F.3d 128, 135 (3rd Cir. 2002). . . . . . . . . . . . . . . . 7

Rogin v. Bensalem Township, 616 F.2d 680, 685 (3rd Cir.1980), cert.
denied, 450 U.S. 1029, 101 S.Ct. 1737, 68 L.Ed.2d 223 (1981). . . . . . . . . . . 4

Rycoline Products, Inc. v. C&W Unlimited, 109 F.3d 883, 886
(3rd Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Saint Joseph Reg'l Med. Ctr., 645 F. App'x 173, 176 (3rd Cir. 2016). . . . . . . . 21

Samoles v. Lacey Township, 2014 WL 2602251
(D.N.J. decided June 11, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

vi

Sanchez v. SunGard Availability Servs. LP, 362 F. App'x 283,
287 (3rd Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Schanzer v. Rutgers Univ., 394 F. Supp. 669 (D.N.J. 1996). . . . . . . . . . . . . . 4

Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686,
40 L.Ed.2d 90 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Schmidt v. Skolas, 770 F.3d 241, 249 (3rd Cir. 2014) . . . . . . . . . . . . . . . . . 7

Sheppard v. Hunterdon Developmental Center, 174 N.J. 1 (2002) . . . . 8, 13, 15

Sturm v. Clark, 835 F.2d 1009, 1011 (3rd Cir. 1987). . . . . . . . . . . . . . . . . . 4

Tinio v. Saint Joseph Reg'l Med. Ctr., 645 F. App'x 173, 176 (3rd Cir. 2016) . . 20

Toutelotte v. Eli Lilly & Co., 636 F. App'x 831, 842 (3rd Cir. 2016) . . . . . . . . . 19

Trafton v. City of Woodbury, 799 F. Supp. 2d. 417, 443 (D.N.J. 2011) . . . 24, 25

Tumpson v. Farina, 218 N.J. 450, 474 (2014) . . . . . . . . . . . . . . . . . . . . . . 25

Tx. Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981) . . . . . . . . . . 19

Unger v. National Residents Matching Program, 928 F.2d 1392,
1400 (3rd Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United Prop. Owners Assoc'n of Belmar v. Borough of Belmar,
343 N.J. Super. 1, 47 (App. Div.), certif. denied, 170 N.J. 390, (2001)). . . . . . 20

Victor v. State, 401 N.J. Super. 596, 616 (App. Div. 2008) . . . . . . . . . . . . . 13

Victor v. State, 203 N.J. 383, 409 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . 19

Viscik v. Fowler Equip. Co., 173 N.J. 1 (2002) . . . . . . . . . . . . . . . . . . . . . . 19

West v. Atkins, 487 U.S. 32, 48 (1988). . . . . . . . . . . . . . . . . . . . . . . . 22, 23

Willdoner v. Borough of Ramsey, 162 N.J. 375 (2000). . . . . . . . . . . . . . . . . 22

Williams v. Township of Lakewood, No. 17-11401, 2020 WL 7391009,
at *18 (D.N.J. Dec. 15, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Wilson v. Garcia, 471 U.S. 261 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Wisniewski v. Fisher, 857 F.3d 152, 157 (3rd Cir. 2017). . . . . . . . . . . . . . . . . 7

Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3rd Cir. 1985). . . . . . . 3

Wright v. Roanoke Redevelopment and Housing Authority,
479 U.S. 418, 431-432 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

**STATUTES:**

42 U.S.C. §1983. . . . . . . . . . . . . . . . . . . . . . .  1, 8, 9, 22, 23, 24, 25, 26, 29

N.J.S.A. 10:5-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**COURT RULES:**

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4 5, 7, 27

## STATEMENT OF FACTS/PROCEDURAL HISTORY

Plaintiff filed her original complaint on May 11, 2022 (Court Document #1) and then an amended complaint was filed on May 20, 2022 (Court Document #4). The complaints contain six counts: I– sexual harassment under the Law Against Discrimination (LAD); II – "retaliatory harassment" under the LAD; III – "reprisal" under the LAD; IV – violation of New Jersey Civil Rights Act; V – "deprivation of federally protected rights under 42 U.S.C. §1983"; and VI - a §1983 Monell claim.

According to Plaintiff's complaint, she has been employed by the County of Ocean for over 20 years. For most of that time, she was assigned to the Office of Senior Services. Defendant Vicari, then a Freeholder, now a Commissioner, was the liaison for the Office of Senior Services. Plaintiff alleges that from 2003 up through approximately May 13, 2021, she was subjected to sexual harassment and assault by Defendant Vicari. (See amended complaint, Court Document #4) Plaintiff's complaint does not, however, provide many specific dates of the alleged incidents.

Plaintiff alleges that on May 25, 2011 she submitted a letter to the Director of Ocean County Employee Relations "consenting to a transfer" and, at some unknown time thereafter, was transferred to the Human Services Department. (See amended complaint, paragraphs 46-47) Plaintiff contends that her subsequent request to transfer back to Senior Services was denied in retaliation for reporting Defendant Vicari's actions. (See amended complaint, paragraph 113)

It is a matter of public record that the Ocean County Commissioners (formerly known as Freeholders) are elected officials. It is also a matter of public record that

Commissioner Haines was first appointed to the Board on January 27, 2016, and Commissioner Crea was sworn in on January 5, 2022.

With regard to Defendant Haines, the only allegations in Plaintiff's complaint are found in paragraphs 73 through 78, where it is alleged that during a ribbon-cutting ceremony at the Ocean County Southern Service Center on or about May 15, 2019, Commissioner Haines attributed the success of the Senior Services program to "the leadership of Freeholder Vicari". Plaintiff then asserts that, at that time, Commissioner Haines was aware that Defendant Vicari had been named in a sexual harassment lawsuit which the County of Ocean had settled.

With regard to Defendant Crea, Plaintiff states that on September 28, 2021, before she was a Commissioner, she advised Defendant Crea about the alleged sexual harassment and assault by Defendant Vicari. Subsequently, on February 28, 2022, after Ms. Crea became a Commissioner, Plaintiff contends that Defendant Crea did not want Plaintiff to reveal any prior conversations at an upcoming meeting they were both scheduled to attend. (See amended complaint, paragraphs 100-104)

Plaintiff also alleges that Defendants Haines and Crea denied her request for a transfer from Human Services back to Senior Services in retaliation for reporting Defendant Vicari's actions. Plaintiff further asserts that Ocean County failed to properly train and supervise employees with regard to discrimination and harassment. (See amended complaint, paragraphs 112-113)

Plaintiff's amended complaint adds as a defendant, Tracy Maksel, the Director of the Department of Human Services where Plaintiff is currently assigned. The

allegations against Ms. Maksel are set forth in paragraphs 121-129.  Plaintiff claims that a "spoliation letter" was sent to Ocean County counsel on April 20, 2022, and identified Ms. Maksel as one of the individuals required to maintain documents.  Plaintiff then asserts that after the letter was sent and her first complaint filed, on May 18, 2022 Ms. Maksel sent a co-employee with Plaintiff to attend a Mayor's Town Hall Briefing (sic). Plaintiff complains that Ms. Maksel was made aware of her complaints of sexual harassment in 2021 and had never previously sent any coworker to attend work events with Plaintiff.  (See amended complaint, paragraph 126-128)

In response to Plaintiff's amended complaint, these defendants now move for dismissal.

**LEGAL ARGUMENT**

## I.   PLAINTIFF'S COMPLAINT AS TO DEFENDANTS OCEAN COUNTY, HAINES, CREA AND MAKSEL MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).

In accordance with Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim on which relief can be granted. As noted by the court in Schanzer v. Rutgers Univ., 934 F. Supp. 669 (D.N.J. 1996):

> A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted does not attack the merits of the case, but merely tests the legal sufficiency of the Complaint. See Sturm v. Clark, 835 F.2d 1009, 1011 (3rd Cir. 1987). When considering a Rule 12(b)(6) motion, the reviewing court must accept as true all well-pleaded allegations in the Complaint and view them in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3rd Cir. 1985); Rogin v. Bensalem Township, 616 F.2d 680, 685 (3rd Cir. 1980), cert. denied, 450 U.S. 1029, 101 S. Ct. 1737, 68 L.Ed.2d 223 (1981). In considering the motion, a district court must also accept as true any and all reasonable inferences derived from those facts. See Unger v. National Residents Matching Program, 928 F.2d 1392, 1400 (3rd Cir. 1991); Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Savings Bank, 748 F. Supp. 254, 260 (D.N.J. 1990).  A court may not dismiss the Complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957).

> The question before the court is not whether the plaintiff will ultimately prevail; rather, it is whether he can prove any set of facts in support of his claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232-33, 81 L.Ed.2d 59 (1984)

See also Acevedo v. Monsignor Donovan High School, 420 F.Supp.2d 337 (D.N.J.  2006)

In deciding a motion to dismiss, the court may consider the allegations in the complaint, matters of public record, orders and exhibits attached to the complaint. Caissie v. City of Cape May, 619 F. Supp. 2d 110, 115 (D.N.J. 2009)   Generally, a district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6).   See Malleus v. George, 641 F.3d 560, 563 (3rd Cir. 2011) The court must first take note of the elements that a plaintiff must plead in order to state a claim.   Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)   Next, factual and legal elements of the complaint should be separated and the district court must accept all well-pleaded facts as true, and view them in the light most favorable to plaintiff, but is free to disregard any legal conclusions.   Malleus, *supra*; Iqbal, *supra* at 678.   Lastly, the district court must decide whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief'."   Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3rd Cir. 2009) (quoting Iqbal, *supra* at 679)   A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.*, at 210 (quoting Iqbal, at 678)

Moreover, a "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)) Further, liberal construction does not require the court to credit a plaintiff's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3rd Cir. 1997) The complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler, *supra* at 210   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." <u>Fair Wind Sailing, Inc. v. Dempster</u>, 764 <u>F.</u>3d 303, 308 n.3 (3rd Cir. 2014).

Here, the bulk of Plaintiff's allegations are directed to Defendant Vicari.  Even a most liberal reading of Plaintiff's first amended complaint does not set forth any factual allegations that Defendants Haines, Crea or Maksel themselves engaged in any sexually harassing conduct, abuse, or discrimination.  Nor does the amended complaint detail how these three individual defendants violated Plaintiff's civil rights under §1983.  As will be discussed *infra*, Plaintiff's amended complaint does not set forth a cause of action under the Law Against Discrimination (LAD) or §1983 as to these three individual defendants.

**II.   PLAINTIFF'S CLAIMS PRIOR TO MAY 11, 2020 ARE BARRED BY THE LAW AGAINST DISCRIMINATION (LAD) AND CIVIL RIGHTS §1983 STATUTES OF LIMITATIONS.**

Although the statute of limitations is an affirmative defense, on a Rule 12(b)(6) motion, a complaint may be dismissed on statute of limitations grounds, but "only when the statute of limitations defense is apparent on the face of the complaint." <u>Wisniewski v. Fisher</u>, 857 <u>F</u>.3d 152, 157 (3rd Cir. 2017) (§1983 case, citing <u>Schmidt v. Skolas</u>, 770 <u>F</u>.3d 241, 249 (3rd Cir. 2014); see also <u>Fried v. J.P. Morgan Chase & Co.</u>, 850 <u>F</u>.3d 590, 604 (3rd Cir. 2017))

Moreover, the Third Circuit permits a statute of limitations defense to be raised by a Rule 12(b)(6) motion if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." <u>Robinson v. Johnson</u>, 313 <u>F</u>.3d 128, 135 (3rd Cir. 2002), (quoting <u>Hanna v. U.S. Veterans Administration Hospital</u>, 514 <u>F</u>.2d 1092, 1094 (3rd Cir. 1975)); <u>Rycoline Products, Inc. v. C&W Unlimited</u>, 109 <u>F</u>.3d 883, 886 (3rd Cir. 1997) (where affirmative defense is apparent on the face of the complaint, the complaint is subject to a <u>R</u>. 12(b)(6) motion to dismiss.)  Here the majority of Plaintiff's allegations take place prior to the applicable statute of limitations.

The NJ Law Against Discrimination (LAD) has a two-year statute of limitations. <u>Montells v. Haynes</u>, 133 <u>N.J.</u> 282, 285 (1993)  In the <u>Montells</u> case, the Court held that "[a]fter carefully considering the purpose of [the] LAD and of statutes of limitations, we conclude that a single statute of limitations should apply to all LAD claims" and that because "injuries under LAD are most like personal-injury claims... the two-year

personal-injury statute of limitations should apply." *Ibid*. Thus, a claimant must file her complaint "within two years of the date on which the cause of action `accrued.'" Henry v. N.J. Dept. of Human Services, 204 N.J. 320, 324 (2010) This "encourage[s] prompt resolution of claims, particularly in discrimination cases where evidence may be `vulnerable to the passage of time.'" *Id*. at 332-33 (quoting Montells, at 291, 293) Thus, the complaint must be filed within two years of the date on which the cause of action accrued.  See also Illas v. Gloucester County Sheriff's Dept., 2015 WL 778806, at *4 (D.N.J. 2015); Henry v. N.J. Dept. of Human Services, 204 N.J. 320 (2010); Sheppard v. Hunterdon Developmental Center, 174 N.J. 1 (2002)   A LAD discrimination claim must be brought within two years of the alleged discriminatory act. See Alexander v. Seton Hall Univ., 204 N.J. 219 (2010) ("[A]brupt, singular adverse employment actions that are attributable to invidious discrimination, prohibited by the LAD, generally are immediately known injuries, whose two-year statute of limitations period commences on the day they occur[.]").

Similarly, the applicable statute of limitations in civil rights actions filed under 42 U.S.C. §1983 is determined by the state's statute of limitations for personal injury actions, regardless of the topical nature of the civil rights claim pleaded.  Owens v. Okure, 488 U.S. 235 (1989); Wilson v. Garcia, 471 U.S. 261 (1985)   In New Jersey, there is a two-year statute of limitations for personal injury claims.  N.J.S.A. 2A:14-2; see also Craig v. Ewing Township, 678 F. Supp. 1106 (D.N.J. 1988); Plain v. Flicker, 645 F. Supp. 898 (D.N.J. 1986)   Accordingly, all claims brought in the state of New Jersey under §1983 are subject to a two-year statute of limitations period.  Cito v. Bridgewater

Township Police Dept., 982 F.2d 23, 25 (3ʳᵈ Cir. 1989) (holding that a two-year limitations period for personal injury action applies to all §1983 claims accruing in New Jersey.)

Further, to the extent that Plaintiff alleges claims under equivalent sections of the New Jersey State Constitution, they are also controlled by a two-year statute of limitations. See Freeman v. State of New Jersey, 347 N.J. Super. 11, 22 (App. Div. 2002) (affirming dismissal of plaintiff's equivalent civil rights claims brought under §1983 and the New Jersey State Constitution as barred by the two-year statute of limitations). Although state law dictates the time in which a suit must be filed under §1983, federal law governs the accrual of §1983 claims. Wilson v. Garcia, *supra*, 471 U.S. at 276; Montgomery v. DeSimone, 159 F.3d 120, 125 (3ʳᵈ Cir. 1998)

Generally, a claim accrues in a federal cause of action "as soon as a potential claimant is either aware, or should have been aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong." Oshiver v. Levin, Fishbein, Sedran and Berman, 38 F.3d 1380, 1386 (3ʳᵈ Cir. 1994)

Here, Plaintiff's initial complaint was filed on May 11, 2022 and, accordingly, any claims prior to May 11, 2020 must be dismissed. The complaint named as defendants, the County of Ocean, Commissioner Virginia Haines and Commissioner Barbara Jo Crea, among others, and asserted claims of sexual harassment, gender discrimination and hostile work environment all in violation of the LAD, N.J.S.A. 10:5-1 *et. seq.*. Plaintiff's amended complaint added her current supervisor, Tracy Maksel, as a defendant.

9

Plaintiff complains of incidents dating back to 2003 through 2022.  However, many of the allegations do not contain specific dates but rather span several years and are primarily directed at Defendant Vicari. For example, Plaintiff states that "[d]uring the time of 2003 through 2004, then Freeholder, Defendant, Joseph Vicari would come into the office and make passes at the Plaintiff."  (See amended complaint, paragraph 18) Plaintiff then lists numerous, various alleged incidents of harassment without providing any dates or even years when the conduct allegedly occurred.

Moreover, many of the incidents described by Plaintiff that relate to Defendant Vicari's conduct would each constitute a discrete act triggering the commencement of the statute of limitations. For example, on March 10, 2005, Plaintiff claims that Defendant Vicari made advances at her.  (See amended complaint, paragraphs 42-44) Plaintiff alleges that on December 5, 2013, she submitted her resume for consideration as Director of the Office of Senior Services but was "punished" and was denied the position because she did not agree with Defendant Vicari's advances.  (See amended complaint, paragraphs 54-55)  On December 16, 2017 Plaintiff claims she attended a breakfast at the Captain's Inn and Defendant Vicari was there and followed her around making "physical advances".  (See amended complaint, paragraph 55)  She also claims that he made unwanted sexual advances at her during an August 29, 2018 event with Congressman MacArthur.  (See amended complaint, paragraph 67)  Each of these discrete incidents triggered its own statute of limitations.

In light of the foregoing, Defendants County of Ocean, Haines, Crea and Maksel submit that any claims prior to May 11, 2020 are barred by the LAD statute of limitations and must be dismissed.

## III. **PLAINTIFF CANNOT ESTABLISH A SEXUAL HARASSMENT OR A HOSTILE WORK ENVIRONMENT UNDER THE LAW AGAINST DISCRIMINATION.**

Plaintiff claims that during the course of her employment with the County of Ocean she was subjected to sexual harassment, gender discrimination, hostile work environment, and retaliation.   She names as defendants the County of Ocean; Commissioner, Virginia E. Haines; Commissioner, Barbara Jo Crea; and Tracy Maksel, the current Director of the Human Services Department.   Plaintiff's hostile work environment claim is essentially an allegation of sexual harassment which is prohibited under the LAD.   As noted by the Appellate Division in Herman v. Coastal Corp., 348 N.J. Super. 1, 20 (App. Div. 2002), *certif. den'd,* 174 N.J. 363 (2002):

> The fountainhead of the legal analysis in a hostile work environment claim is set forth in *Lehmann.* To state a claim for hostile work environment sexual harassment, the plaintiff must establish: "the complained-of conduct (1) would not have occurred but for the employee's gender; and it was (2) severe or pervasive enough to make a (3) reasonable woman believe that (4) the conditions of employment are altered and the working environment is hostile or abusive." *Lehmann, supra*, 132 N.J. at 603-04, 626 A.2d 445. Judge Snyder determined that plaintiff's proofs did not even meet the initial threshold, that the conduct occurred because of plaintiff's sex. The *Lehmann* Court stated:
>
> The first element of the test is discrete from the others. It simply requires that in order to state a claim under the LAD, a plaintiff must show by a preponderance of the evidence that she suffered discrimination because of her sex. Common sense dictates that there is no LAD violation if the same conduct would have occurred regardless of the plaintiff's sex. For example, if a supervisor is equally crude and vulgar to all employees, regardless of their sex, no basis

exists for a sex harassment claim. Although the supervisor may not be a nice person, he is not abusing a plaintiff because of her sex.

[132 *N.J.* at 604.]

In order to establish a legally cognizable claim of hostile work environment a plaintiff must show that the incidents complained of were collectively "`sufficiently severe or pervasive to have altered plaintiff's conditions of employment in an important and material manner.'" El-Sioufi v. St. Peter's University Hosp., 382 N.J. Super. 145, 176 (App. Div. 2005) (quoting Cokus v. Bristol-Myers Squibb Co., 362 N.J. Super. 245, 246 (App. Div. 2003), *certif. denied*, 178 N.J. 32 (2003)).  "[A]ctions that affect wages, benefits, or result in direct economic harm qualify [as retaliation]. So too, noneconomic actions that cause a significant, non-temporary adverse change in employment status or the terms and conditions of employment would suffice." Victor v. State, 401 N.J. Super. 596, 616 (App. Div. 2008), *aff'd. in part, modified in part*, 203 N.J. 383 (2010).

Moreover, "emotional factors alone cannot constitute adverse employment action." Shepherd v. Hunterdon Developmental Ctr., 336 N.J. Super. 395, 420 (App. Div. 2001), *aff'd. in part, rev'd. in part,* 174 N.J. 1 (2002); see also El-Sioufi, *supra*, (nurse's demotion from a scrub nurse to a break nurse when viewed in conjunction with her personnel records, which contained numerous complaints regarding plaintiff's work performance, did not amount to adverse employment action under the LAD); Beasley v. Passaic County, 377 N.J. Super. 585, 607 (App. Div. 2005) (actions resulting in a "bruised ego" are not covered by CEPA) (quoting Klein v. UMDNJ, 377 N.J. Super. 28, 47 (App. Div. 2005) (temporary reassignment is generally not actionable), *certif.*

*denied*, 185 <u>N.J.</u> 39 (2005)); <u>Cokus</u>, *supra* (supervisor's decision to no longer socialize with employee is not adverse employment action);   <u>Hancock v. Borough of Oaklyn</u>, 347 <u>N.J. Super.</u> 350, 361 (App. Div. 2002) *certif. granted,* 174 <u>N.J.</u> 191 (2002), *appeal dismissed*, 177 <u>N.J.</u> 217 (2003) (generally, emotional distress alone is not actionable).

Plaintiff's claims with regard to sexual harassment are directed primarily at Mr. Vicari. However, neither a plaintiff's subjective response nor a defendant's subjective intent is controlling in determining whether a hostile work environment exists.  <u>Cutler v. Dorn</u>, 196 <u>N.J.</u> 419, 431 (2008) Plaintiff does not contend that Defendants Haines, Crea or Maksel sexually harassed her.  Her allegations with regard to these defendants are that on May 15, 2019, Defendant Haines praised Defendant Vicari's leadership at a ribbon-cutting ceremony; on September 28, 2021 she told Defendant Crea of Mr. Vicari's sexual harassment and on February 28, 2022 Defendant Crea told Plaintiff she did not want Plaintiff to reveal any prior conversations; that both Defendants Haines and Crea refused to transfer Plaintiff to Senior Services; and that Defendant Maksel sent a co-employee with Plaintiff to attend a briefing on May 18, 2022.  None of those actions attributed to these defendants constitutes discrimination, retaliation, sexual harassment or a hostile work environment.

Acts comprising the hostile work environment are distinguished from single, discrete acts of discrimination — such as termination or failure to promote — that fall outside the limitations time period and cannot be revived based on other similar discrete acts that are timely. <u>Caggiano v. Fontoura</u>, 354 <u>N.J. Super.</u> 111, 128-129 (App. Div. 2002) Plaintiff does not claim that she was given negative performance reviews,

her salary was reduced, or that she was demoted; she does not claim that any of the terms and condition of her employment were negatively affected.

Plaintiff's amended complaint fails to set forth a factual basis that would support a claim of hostile work environment as to these defendants and they are entitled to summary judgment. As the Herman Court noted:

> [t]he defining element in hostile work environment cases is not that the conduct was sexual in nature, but that the harassment occurs because of the employee's gender. *Ibid.* citing Lehmann v. Toys 'R' Us, Inc. 132 N.J. 587, 602 (1993)

To establish a cause of action under the LAD based on a hostile work environment, plaintiffs must satisfy each part of a four-part test. Specifically, they must show that the complained-of conduct (1) would not have occurred but for the employee's protected status, and was (2) severe or pervasive enough to make a (3) reasonable person believe that (4) the conditions of employment have been altered and that the working environment is hostile or abusive. Dunkley v S. Coraluzzo Petroleum, 437 N.J. Super. 366 (App. Div. 2014) See also, Herman v. Coastal Corp., 348 N.J. Super. 1, 20 (App. Div. 2002), *certif. den'd.,* 174 N.J. 363 (2002) (…in order to state a claim under the LAD, a plaintiff must show by a preponderance of the evidence that she suffered discrimination because of her sex.); El-Sioufi v. St. Peter's University Hospital, 382 N.J. Super. 145 (App. Div. 2005)

Under the first prong of the Lehmann test plaintiffs must establish by a preponderance of the evidence that the impermissible conduct would not have occurred but for their protected class. Sheppard, *supra,* at 24  The "defining element" of a hostile

work environment claim is whether the protected characteristic was the cause of the alleged harassment. Herman, *supra* at 20  Thus, plaintiffs must do more than point to "personality conflicts, albeit severe, with a supervisor who is outside their protected class and lump together random incidents and disagreements" to satisfy the second prong of severe and pervasive. *Id.* at 20, 23

In the matter at hand, Plaintiff's claims of sexual harassment are directed at Mr. Vicari who, although a freeholder (now commissioner), was not Plaintiff's supervisor. Plaintiff has failed to identify any acts of sexual harassment with regard to her supervisor, Tracy Maksel, or by Commissioners Haines and Crea. Plaintiff cannot establish the requisite proofs to satisfy the first and second prongs of the Lehman test with regard to these defendants.  Plaintiff does not claim that the actions of these three defendants were because of her gender, nor can these single incidents be considered severe or pervasive.

In order to satisfy the third and fourth prongs, plaintiffs must demonstrate conduct that is objectively hostile, not merely subjectively offensive.  "What is illegal is a 'hostile work environment', not an 'annoying work environment.'" *Id.* at 23  Here, the incidents recited in the amended complaint do not form the basis for a hostile work environment claim as to these three defendants. The allegations concerning sexual harassment are directed at Mr. Vicari. Nothing that these defendants did altered the terms and conditions of Plaintiff's employment: her hours did not change; her salary was not reduced; her request to transfer from Senior Services to Human Services had been granted; and her benefits were not altered.  Given Plaintiff's allegations against

Defendant Vicari, her request to transfer back to Senior Services where he is the liaison is puzzling.  This is particularly so since she indicated that her request to transfer from Senior Services to the Human Services Department was "to get away from direct contact" with him. (See amended complaint, paragraph 47)

As the Appellate Division in Herman, *supra*, observed at page 23:

> Plaintiff's attempt to lump random incidents and disagreements with co-workers during her tenure at CEPOC are ineffective in meeting the standard of "an abusive working environment." As stated by the District Court of New Jersey, "Although a person is legally entitled to a work environment free of hostility, she is not entitled to a perfect workplace, free of annoyances and colleagues she finds disagreeable. In short, what is illegal is a 'hostile work environment,' not an 'annoying work environment.' " Lynch v. New Deal Delivery Serv., Inc., 974 F.Supp. 441, 452 (D.N.J.1997). Summary judgment was properly granted, dismissing plaintiff's claims of a hostile working environment.

Plaintiff's amended complaint does not allege any conduct on the part of Defendants Haines, Crea or Maksel that was sexually harassing and so severe or pervasive as to make a reasonable woman believe that the conditions of her employment had been altered and that the working environment was hostile or abusive. Lehmann v. Toys 'R' Us, 132 N.J. 587, 603-4 (1993); Herman, *supra*

Plaintiff cannot prove sexual harassment or hostile work environment by these defendants and they are entitled to dismissal of the amended complaint.

## IV.   PLAINTIFF CANNOT ESTABLISH GENDER-BASED DISCRIMINATION OR RETALIATION AS TO THESE DEFENDANTS AND DISMISSAL IS APPROPRIATE.

Despite having 117 paragraphs of "factual allegations", Plaintiff's amended complaint fails to specifically identify incidents of gender-based discrimination.  This is particularly so with regard to Commissioners Haines and Crea, as well as Plaintiff's supervisor, Tracy Maksel. The allegations with regard to these three defendants are sparse, vague and do not provide the basis for an LAD, gender-based discrimination claim.  This claim is apparently incorporated in Count I of the amended complaint in paragraph 131, which states "Defendants have discriminated against Plaintiff in violation of the New Jersey Law Against Discrimination by subjecting her to disparate treatment because of her gender."

Generally, a claim of discrimination based on disparate treatment is analyzed under the framework initially set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). First, the plaintiff must establish a *prima facie* case of discrimination. *Id.* at 802  If successful, a presumption of discrimination is created and the burden of proof then shifts to the employer "to articulate some legitimate, nondiscriminatory reason for" its action. *Ibid.* If the defendant employer meets this burden, the plaintiff must overcome the burden of proof by a preponderance of the evidence, demonstrating that the employer's "legitimate" reason was merely a pretext for discrimination. *Id.* at 804 Thus, to sufficiently discredit the employer's reason and survive summary judgment, the plaintiff "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in" the proffered reason that a

factfinder could reasonably find it incredible. Fuentes v. Perskie, 32 F.3d 759, 765 (3rd Cir. 1994)

To establish a *prima facie* discrimination claim, a plaintiff must demonstrate that she (1) is a member of a designated protected class; (2) was qualified for and performing the essential functions of the job; (3) suffered termination or an adverse employment action; and (4) the adverse employment action gives rise to an inference of unlawful discrimination. Toutelotte v. Eli Lilly & Co., 636 F. App'x 831, 842 (3rd Cir. 2016); *see also* Victor v. State, 203 N.J. 383, 409 (2010). The burden of establishing a *prima facie* case is "not onerous." Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 271 (3rd Cir. 2010) (quoting Tx. Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)). "[T]he prima face case requires `evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion.'" Pivirotta v. Innovative Sys., Inc., 191 F.3d 344, 355 (3rd Cir. 1999) (quoting O'Connor v. Consol. Caterers Corp., 517 U.S. 308, 312 (1996)) The standard for establishing a *prima facie* claim is flexible and fact specific. Geraci v. Moody-Tottrup, Int'l, Inc., 82 F.3d 578, 581 (3rd Cir. 1996); *see also* Viscik v. Fowler Equip. Co., 173 N.J. 1 (2002)

Claims of gender discrimination, i.e. disparate impact, "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity". Gerety v. Atl. City Hilton Casino Resort, 184 N.J. 391, 398, 400 (2005) (quoting Peper v. Princeton Univ. Bd. of Trs., 77 N.J. 55, 81-82 (1978)). "Rather [than proving discriminatory motive], a plaintiff must show that a facially neutral policy

`resulted in a significantly disproportionate or adverse impact on members of the affected class.'" *Id.* at 399, (quoting United Prop. Owners Assoc'n of Belmar v. Borough of Belmar, 343 N.J. Super. 1, 47 (App. Div.), *certif. denied,* 170 N.J. 390, (2001)).  To allege a disparate impact claim, the amended complaint must (1) "identify the specific practice(s) alleged to have created a disparate impact," and (2) "show that this practice caused observable statistical differences affecting the protected class." Williams v. Township of Lakewood, No. 17-11401, 2020 WL 7391009, at *18 (D.N.J. Dec. 15, 2020) (quoting Petruska v. Reckitt Benckiser, LLC, No. 14-3663, 2015 WL 1421908, at *6 (D.N.J. Mar. 26, 2015)) Here, such allegations are absent from the amended complaint.

Our courts have held that in order to establish a *prima facie* case of discrimination under the LAD a claimant must allege, among other things, that she belonged to a protected class and that she was treated differently than others in that protected class. Plaintiff in this case makes no such assertion.  Not only does Plaintiff fail to assert that she is in a protected class, the amended complaint is also devoid of any allegation that she was treated differently than other female employees within the County. Plaintiff cannot sustain her burden of proof.

Similarly, with regard the claim of retaliation, a *prima facie* case of retaliation under the LAD requires that Plaintiff show (1) that she engaged in "protected employee activity" known to the employer; (2) "adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." Tinio v.

Saint Joseph Reg'l Med. Ctr., 645 F. App'x 173, 176 (3rd Cir. 2016) (quoting Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 193 (3rd Cir. 2015)); *see also* Battaglia v United Parcel Post, 214 N.J. 518 (2013) (substantially same standard for NJLAD retaliation claims); Sanchez v. SunGard Availability Servs. LP, 362 F. App'x 283, 287 (3rd Cir. 2010)

Plaintiff in this matter does not contend that she engaged in a protected activity and suffered an adverse employment action as defined by case law. Nor can she establish a causal connection between any protected activity and an adverse employment action, particularly where the amended complaint fails to provide dates for most of the alleged actions.

Moreover, it should be noted that the bulk of the incidents of which Plaintiff complains took place prior to Commissioner Haines and Commissioner Crea being sworn in to the Board of Commissioners. Additionally, the single incident of Ms. Maksel sending a co-worker to a briefing with Plaintiff does not constitute an adverse employment action.  In light of the foregoing, Defendants County of Ocean, Haines, Crea and Maksel submit that Plaintiff cannot produce sufficient evidence to demonstrate the requisite elements of her *prima facie* case and the amended complaint should be dismissed.

## V.   **PLAINTIFF CANNOT ESTABLISH A CAUSE OF ACTION AGAINST DEFENDANTS HAINES, CREA AND MAKSEL UNDER 42 U.S.C. §1983 AND, THEREFORE, DISMISSAL IS APPROPRIATE.**

Plaintiff asserts claims under federal law that are based upon the Civil Rights Act. The relevant provisions of the Civil Rights Act, 42 U.S.C. §1983 state:

> "Every person who, under color of any statute, ordinance . . . of any State. . . subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Thus, the language of the statute indicates that it provides a remedy only for deprivations of rights secured by the Constitution or federal laws.  Maine v. Thiboutot, 448 U.S. 1, 7 (1984)  It is well settled that §1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386 (1989), citing Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979)  See also Willdoner v. Borough of Ramsey, 162 N.J. 375 (2000).  Moreover, 42 U.S.C. §1983 is the exclusive remedy for violations of the United States Constitution by state officials.  Quern v. Jordan,  440 U.S. 332, 351 (1979)  Further, as noted by the Court in West v. Atkins, 487 U.S. 32, 48 (1988):

> To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of State law.

Accordingly, "one cannot go into court and claim a violation of §1983- for §1983 by itself does not protect anyone from anything." Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979); Baker, *supra*, at page 144, n.3 (1979) Moreover, under §1983 a plaintiff is required to set forth specific conduct by the governmental entity or its officials that violated the Constitutional rights of plaintiff. Hillard v. New Jersey Army Nat'l Guard, 527 F. Supp. 405 (D.N.J. 1981); Henschke v. Borough of Clayton, 251 N.J. Super. 393, 401 (App. Div. 1991)  A plaintiff is required to establish with specificity that the defendant deprived him of a right secured by the Constitution. Reid v. Barret, 467 F. Supp. 124 (D.N.J. 1979), *aff'd* 615 F.2d 1354 (3rd Cir. 1980); Henschke, *supra.* Clearly, a plaintiff must assert the violation of a federal right and such assertion must not be too vague and amorphous to be beyond the competence of the judiciary to enforce. Golden State Transit v. City of Los Angeles, 493 U.S. 103, 106, 110 S. Ct. 444, 448 (1989); Middlesex County Sewage v. National Sea Clammers Assn., 453 U.S. 1, 19 (1981); Wright v. Roanoke Redevelopment and Housing Authority, 479 U.S. 418, 431-432 (1987)

Thus, to state a claim for relief under §1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. See Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3rd Cir. 2011) (citations omitted); see also West v. Atkins, 487 U.S. 42, 48 (1988); Klein v. Donatucci, 861 F. App'x 503, 507 (3rd Cir. 2021) (citing Elmore v. Cleary, 399 F.3d 279, 281 (3rd Cir. 2005)).  The statute does not cover official conduct that violates only state

law.   Accordingly, the Civil Rights Act does not provide a remedy for "violations of duties of care arising out of [state] tort law." Baker, *supra,* at 146; Rivkin v. Dover Twp Rent Leveling Bd, 143 N.J. 352, 362-3 (1996) Moreover, negligent conduct ordinarily does not give rise to a constitutional violation.   Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986)

Plaintiff in this matter has failed to meet the requirements of §1983 with regard to these defendants.  Even a most liberal reading of the amended complaint in favor of Plaintiff fails to demonstrate that any of these three defendants violated any of Plaintiff's federal or Constitutional rights. This count of the amended complaint, V, merely incorporates all prior paragraphs and then demands judgment against Defendants collectively.   There is no explanation or identification of the specific "federally protected rights" that these defendants are alleged to have violated. Moreover, Plaintiff's amended complaint fails to claim that the alleged deprivation was committed by a person acting under color of state law, as required. Significantly, the bulk of the allegations in Plaintiff's amended complaint are directed to Commissioner Vicari and predate the presence of Defendants Haines and Crea on the Board of Commissioners.  Nor does Plaintiff indicate how Ms. Maksel sending a co-worker to a meeting with Plaintiff violated Plaintiff's civil rights.   In any event, the amended complaint is devoid of any specific conduct by these three defendants that violated Plaintiff's civil rights.  Accordingly, dismissal is appropriate.

## VI.   **THESE DEFENDANTS ARE ENTITLED TO DISMISSAL OF COUNT IV OF PLAINTIFF'S COMPLAINT FOR CLAIMS UNDER THE NEW JERSEY CIVIL RIGHTS ACT.**

The New Jersey Civil Rights Act (NJCRA) is interpreted analogously of §1983. Ingram v. Twp. of Deptford, 911 F. Supp. 2d 289, 298 (D.N.J. 2012); Trafton v. City of Woodbury, 799 F. Supp. 2d. 417, 443 (D.N.J. 2011); Meleika v. Bayonne Police Dept., (D.N.J. decided May 7, 2020); see also Samoles v. Lacey Township, 2014 WL 2602251 (D.N.J. decided June 11, 2014) (the NJCRA was modeled after §1983, and thus courts in New Jersey have consistently looked at claims under the NJCRA "through the lens of §1983.")   Accordingly, the same analysis that this Court would apply to a §1983 civil rights claim is equally applicable in analyzing Plaintiff's NJCRA claims. See Hartfeld v. N.J. State Police, No. 16-5461, 2017 WL 3184173, at *5 (D.N.J. July 26, 2017); Armstrong v. Sherman, No. 09-716, 2010 WL 2483911, *5 (D.N.J. June 4, 2010).

A cause of action brought under the NJCRA has the same elements as the federal Civil Rights Act, 42 U.S.C. §1983, after which the NJCRA was modeled. Rezem Family Assocs. L.P. v. Borough of Millstone, 423 N.J. Super. 103, 115 (App. Div. 2011) Accordingly, New Jersey state courts may look to federal cases analyzing §1983 to interpret the NJCRA's provisions. See Tumpson v. Farina, 218 N.J. 450, 474 (2014) ("The interpretation given to parallel provisions of §1983 may provide guidance in construing our Civil Rights Act."). The NJCRA is therefore generally interpreted nearly identically to §1983 and claims under the NJCRA are generally coterminous with and subject to the same defenses and immunities as those brought under §1983. Trafton, *supra*, at 443-44 (D.N.J. 2011); See also, Middleton v. City of Ocean City, No. 12-0605,

2014 WL 2931046, at *6 (D.N.J. June 30, 2014)  Accordingly, this Court should analyze Plaintiff's NJCRA claims through the lens of §1983.

      For the reasons set forth under Point V, Defendants Haines, Crea and Maksel submit that they are entitled to dismissal of Plaintiff's claims under the NJ Civil Rights Act.

## VII. **IN THE ALTERNATIVE, DEFENDANTS HAINES, CREA AND MAKSEL DEMAND A MORE DEFINITE STATEMENT IN ACCORDANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 12(e).**

Fed. R. Civ. P. 12(e) states in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

In the matter at hand, a review of the allegations against Defendants Haines, Crea and Maksel as set forth in the amended complaint fails to identify any specific tortious conduct on the part of these particular defendants that resulted in a violation of Plaintiff's constitutional, statutory or federal rights. The amended complaint lumps all three of these defendants together with Defendant Vicari in the specific counts and makes claims of civil rights, constitutional and statutory violations against them collectively. (See amended complaint Counts I-VI)

As indicated previously, the allegations with regard to Commissioner Haines are found in paragraphs 73-78 where it is asserted that, during a ribbon-cutting ceremony, she praised Commissioner Vicari's leadership, despite being aware that he had been named as a defendant in a sexual harassment lawsuit. Clearly, Defendant Haines expressing her opinion with regard to Defendant Vicari's leadership cannot constitute a violation of Plaintiff's civil or Constitutional rights.

Similarly, Plaintiff contends that prior to Defendant Crea becoming a commissioner, Plaintiff told her about the alleged sexual harassment by Commissioner

Vicari.  Approximately five months later, after Defendant Crea became a Commissioner, Plaintiff claims that Defendant Crea did not want Plaintiff to reveal any prior conversations at an upcoming meeting they were attending.  (See amended complaint, paragraphs 100-104)  Again, Plaintiff fails to identify how that conversation or request constituted a violation of Plaintiff's civil or Constitutional rights.

Plaintiff's claim with regard to her supervisor, Tracy Maksel, is that after the lawsuit was filed, for the first time in her 20-plus years of employment, a coworker was sent with Plaintiff to attend a meeting.  (See amended complaint, paragraphs 126-128) Clearly, that was not a violation of Plaintiff's Constitutional or federal civil rights.

The sparse allegations in the specific counts of the amended complaint are so vague and ambiguous that these individual defendants cannot reasonably frame a response inasmuch as the nature of the alleged tortious conduct as to each of them does not rise to the level of a LAD or civil rights violation.  Rather, Plaintiff incorporates the factual allegations set forth in prior counts of the amended complaint, which allegations primarily relate to the actions of Defendant Vicari over a period of almost 20 years, with very few specific dates provided, and many of which predate Commissioners Haines' and Crea's presence on the Board.

Accordingly, in the event this Court is not inclined to grant summary judgment and dismiss Plaintiff's amended complaint as to these three defendants, it is respectfully submitted that Plaintiff should also be required to provide a more definite statement and to limit the allegations to those incidents which fall within the statute of limitations, i.e., May 20, 2020 through the filing of the amended complaint.

## **CONCLUSION**

For the reasons set forth herein Defendants County of Ocean, Commissioner Haines, Commissioner Crea and Defendant Maksel respectfully submit that their motion to dismiss should be granted since the majority of the claims set forth in Plaintiff's amended complaint are barred by the LAD and §1983 statutes of limitation; and, in any event, Plaintiff cannot establish the necessary elements of LAD claims, §1983 civil rights claims, or New Jersey civil rights claims as to these defendants.

Alternatively, in the event the court declines to grant the motion to dismiss, Plaintiff should be required to amend the complaint and provide a more definite statement as to these individual defendants limited to the statutory time period.

Respectfully submitted,

MARY JANE LIDAKA

DATED:  July 1, 2022