LAW OFFICES OF ALBERT H. WUNSCH, III
Albert H. Wunsch, III, Esq.
Attorney ID #: 045871988
400 Sylvan Avenue, Suite 202
Englewood Cliffs, New Jersey 07632
(201)-541-0500
Attorney for Defendant, Joseph H. Vicari; Commissioner

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARIE ELENA PINE<br><br>       Plaintiff,<br>vs.<br><br>COUNTY OF OCEAN; COMMISSIONER, JOSEPH H. VICARI; COMMISSIONER, VIRGINIA E. HAINES; COMMISSIONER, BARBARA JO CREA; TRACY MAKSEL; JOHN DOES 1-10; and, JANE DOES 1-10,<br><br>       Defendant(s). | CIVIL ACTION NO.: 3:22-CV-02760-FLW-DEA |

**DEFENDANT JOSEPH H.VICARI, COMMISSIONER'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6).**

Defendant Joseph H. Vicari; Commissioner (herein referred to as "Defendant"), by and through his attorneys, Law Offices of Albert H. Wunsch, III, hereby file this Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Please be further advised that this Defendant joins in Co-Defendants' County of Ocean et als., Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). This Defendant adopts the Preliminary Statement with certain modifications and supplementations as well as the Standards of Review and Arguments set forth.

This Defendant, however, also submits the below additional arguments for Your Honor's consideration and in support of this motion.

## TABLE OF CONTENTS

1. Table of Contents ................................................................3

2. Table of Authorities...........................................................5

3. Statement of Facts and Procedural History..........................11

4. Argument .....................................................................13

    I.

        a. **POINT I:PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUTANT TO FED. R. CIV. P. 12(B)(6), AS PLAINTIFF'S CLAIMS ARE TIME BARRED BY THE STATUTE OF LIMITATIONS**................................................................13

        b. **POINT II: PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS TO DEFENDANT VICARI PURSUANT TO FED. R. CIV. P. 12(b)(6), AS THE ALLEGED MAY 13, 2020 TELEPHONE CALL IS INSUFFICIENT TO SUPPORT ANY COUNT OF THE COMPLAINT AND ALL OTHER FACTUAL ALLEGATIONS ARE TIME BARRED**........19

        c. **POINT III: COUNT I (SEXUAL HARASSMENT) OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS PLAINTIFF CANNOT ESTABLISH THE REQUISITE ELEMENTS FOR SEXUAL HARASSMENT OR A HOSTILE WORK ENVIRONMENT**........................................23

        d. **POINT IV: COUNT II (RETALITAORY HARASSMENT) AND COUNT III (REPRISAL) OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS DEFENDANT VICARI WAS NEVER PLAINTIFF'S SUPERVISOR AND PLAINTIFF CANNOT ESTABLISH THE REQUISITE ELEMENTS OF SUCH A CLAIM**........................................30

        e. **POINT V: COUNTS V AND VI (DEPRIVATION OF FEDERALLY PROTECTED RIGHTS UNDER 42 U.S.C.A. §1983) MUST BE DISMISSED AS PLAINTIFF HAS FAILED TO SET FORTH A SUFFICIENT FACTUAL BASIS FOR SUCH A CLAIM**....................31

        f. **POINT VI:COUNT IV (VIOLATION OF CIVIL RIGHTS ACT) OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS PLAINTIFF HAS FAILED TO PRESENT A SUFFICIENT FACTUAL BASIS FOR SUCH A CLAIM**........................................................34

iii

**g. POINT VII: IN THE ALTERNATIVE, PURSUANT TO FED. R. CIV. P. 12(E), DEFENDANT VICARI DEMANDS A MORE DEFINITIVE STATEMENT**................................................................35

5. Conclusion .......................................................................36

## TABLE OF AUTHORITIES

### CASES:

Acevedo v. Monsignor Donovan High School, 420 F.Supp.2d 337
(D.N.J. 2006) ................................... 21

Alexander v. Seton Hall Univ., 204 N.J. 219 (2010)....... 16

Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) .......... 21

Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979)...... 33

Battaglia v United Parcel Post, 214 NJ. 518 (2013).
31

Caggiano v. Fontoura, 354 N.J. Super. 111, 128-129 (App.
Div. 2002) ......................................... 37

Caissie v. City of Cape May, 619 F. Supp. 2d 110, 115
(D.N.J. 2009) ..................................... 21

Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617
(1979) ............................................. 33

Cito v. Bridgewater Township Police Dept., 982 F.2d 23,
25 (3rd Cir. 1989) ............................... 16

Cokus v. Bristol-Myers Squibb Co., 362 N.J. Super. 245, 246
(App. Div. 2003), *certif. denied,* 178 N.J. 32 (2003) . 26

Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102,
2 L.Ed.2d 80 (1957) ............................... 21

Craig v. Ewing Township, 678 F. Supp. 1106 (D.N.J.
1988).............................................. 16

Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 193 (3rd
Cir. 2015).......................................... 31

Dunkley v S. Coraluzzo Petroleum, 437 N.J. Super. 366 (App.
Div. 2014)........................................ 26-27

Elmore v. Cleary, 399 E.3d 279, 281 (3rd Cir. 2005) . . . . . 34

EI-Sioufi v. St. Peter's University Hosp., 382 N.J. Super.
145, 176
(App. Div. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26,
27

Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3
(3rd Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22-23, 24

Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3rd Cir. 2009) 22

Freeman v. State of New Jersey, 347 N.J. Super. 11, 22 (App.
Div. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Fried v. J.P. Morgan Chase & Co., 850 F.3d 590, 604 (3rd Cir.
2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Glenside West Corp. v. Exxon Co., U.S.A., 761 F.Supp. 1100,
1107 (D.N.J. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Graham v. Connor, 490 U.S. 386 (1989) . . . . . . . . . . . . . . . . . 33

Gutman v. Howard Savings Bank, 748 F.Supp. 254, 260
(D.N.J.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21


Hanna v. U.S. Veterans Administration Hospital, 514 F.2d
1092, 1094
(3rd Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-15

Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3rd
Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Henry v. N.J. Dept. of Human Services, 204 N.J. 320, 324
(2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16

Henschke v. Borough of Clayton, 251 NJ. Super. 393, 401
(App. Div. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Herman v. Coastal Corp., 348 NJ. Super. 1, 20 (App. Div.
2002),
certif. den'cl.] 174 NJ. 363 (2002) . . . . . . . . . . . . 25, 27

Hillard v. New Jersey Army Nat'l Guard, 527 F. Supp. 405 (D.NJ. 1981)...........................................33

Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232-33, 81 L.Ed.2d 59 (1984)..................................21

Illas v. Gloucester County Sheriffs Dept., 2015 WL 778806, at *4 (D.N.J. 2015)...................................15

Ingram v. Twp. of Deptford, 911 F. Supp. 2d 289, 298 (D.N.J. 2012).............................................35

Klein v. Donatucci, 861 F. App'x 503, 507 (3rd Cir. 2021) 34

Lehmann v. Toys 'R' Us, Inc. 132 NJ. 587, 602 (1993)....25-26, 27, 28, 29, 30

Lynch v. New Deal Delivery Serv., Inc., 974 F.Supp. 441, 452 (D.N.J.1997) .. 28

Maine v. Thiboutot, 448 U.S. 1, 7 (1984)................32

Malleus v. George, 641 F.3d 560, 563 (3rd Cir. 2011)..... 21

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) .

Meleika v. Bayonne Police Dept., (D.N.J. decided May 7, 2020) .................................................. 35

Monell v. Department of Social Services, 436 U.S. 663 (1978) ......................................... 12, 24

Montells v. Haynes, 133 N.J. 282, 285 (1993)............12, 15

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3rd Cir. 1997) .................................................. 22

Oshiver v. Levin, Fishbein, Sedran and Berman, 38 F.3d 1380, 1386 (3rd Cir. 1994)...............................17

Owens v. Okure, 488 U.S. 235 (1989) ..................... 16

Papasan v. Allain, 478 U.S. 265, 286 (1986) ........... 22

vii

Plain v. Flicker, 645 F. Supp. 898 (D.N.J. 1986) ........ 16

Reid v. Barret, 467 F. Supp. 124 (D.N.J. 1979), aff'c/615 F.2d 1354
(3rd Cir. 1980) ......................................... 33

Rezem Family Assocs. LP. v. Borough of Millstone, 423 NJ. Super.
103, 115 (App. Div. 2011) ............................. 36

Robinson v. Johnson, 313 .G.3d 128, 135 (3rd Cir. 2002) . 14

Rycoline Products, Inc. v. C&W Unlimited, 109 F.3d 883, 886
(3rd Cir. 1997)........................................15

Samoles v. Lacey Township, 2014 WL 2602251
(D.N.J. decided June 11, 2014) ........................35

Sanchez v. SunGard Availability Servs. LP, 362 F. App'x 283,
287 (3rd Cir. 2010) ................................... 31

Schanzer v. Rutgers Univ., 394 F. Supp. 669 (D.N.J. 1996) 20

Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686,
40 L.Ed.2d 90 (1974)..................................21

Schmidt v. Skolas, 770 F.3d 241, 249 (3rd Cir. 2014) .... 21

Sheppard v. Hunterdon Developmental Center, 174 N.J. 1 (2002)
............................................... 16

Sturm v. Clark, 835 F.2d 1009, 1011 (3rd Cir. 1987)...... 20

Tinio v. Saint Joseph Reg'l Med. Ctr., 645 F. App[1]x 173, 176
(3rd Cir. 2016) ..   31

Trafton v. City of Woodbury, 799 F. Supp. 2d. 417, 443
(D.N.J. 2011) .........................................35

Tumpson v. Farina, 218 N.J. 450, 474 (2014) ............. 36

Unger v. National Residents Matching Program, 928 F.2d 1392,
1400 (3rd Cir. 1991).. , ............................... 31

Victor v. State, 401 N.J. Super. 596, 616 (App. Div. 2008) 26

West v. Atkins, 487 U.S. 32, 48 (1988) ................ 32, 34

Willdoner v. Borough of Ramsey, 162 N.J. 375 (2000) ...... 33

Wilson v. Garcia, 471 U.S. 261 (1985) .................... 16

Wisniewski v. Fisher, 857 G3d 152, 157 (3rd Cir. 2017) 14

Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3rd Cir. 1985) ........................................... 21

**STATUTES:**

42 U.S.C. §1983

**N.J.S.A.** 10:5-1

**COURT RULES:**

Fed. R. Civ. 12(b)(6)

## DEFENDANT VICARI'S AMENDMENTS TO STATEMENT OF FACTS AND PROCEDURAL HISTORY

On May 11, 2022, Plaintiff filed her original Complaint. On May 20, 2022, Plaintiff filed an Amended Complaint, containing six (6) Counts alleging (1) Sexual Harassment (LAD), (2) Retaliatory Harassment (LAD), (3) Reprisal, (4) Violation of New Jersey Civil Rights Act, (5) Deprivation of Federally Protected Rights, and (6) §1983 Monell claim.

Defendant Vicari vehemently denies all allegations as set forth against him in this Complaint under each the aforementioned six (6) Counts, and contends that same should be dismissed pursuant to **Fed. R. Civ. P. 12(b)(6)**, for failing to state a claim upon which relief can be granted. Not only is Plaintiff's Complaint factually insufficient to support the causes of action set forth, but the allegations as made against Defendant Vicari are barred by the statute of limitations.

New Jersey's Law Against Discrimination has a two-year statute of limitations. **Montells v. Haynes**, 133 **N.J.** 282, 285 **(1993).** Given that Plaintiff filed this Complaint on May 11, 2022, all claims made that occurred prior to May 11, 2020 are barred by the applicable statute of limitations for New Jersey's Law Against Discrimination and Civil Rights claims.

Plaintiff's Complaint sets forth its factual basis in Paragraphs fifteen (15) through one hundred and twenty-nine

(129). **See Plaintiff's Complaint, ¶ 15-129.** Plaintiff does not set forth a factual allegation pertaining to Defendant Vicari within the statute of limitations until Paragraph eighty-seven (87) of the Complaint. **See Exhibit A, Plaintiff's Complaint, ¶ 87.** Paragraph eighty-seven (87) alleges that on May 13, 2021, Defendant Vicari called Plaintiff on her cell phone, and had a seemingly brief conversation. **See Plaintiff's Complaint, ¶ 87-97.** Other than this alleged May, 13, 2021 telephone call, Plaintiff sets forth no other factual allegations pertaining to Defendant Vicari taking place after May 11, 2020. **See Plaintiff's Complaint, ¶ 15-129.**

Furthermore, when viewed in a light most favorable to Plaintiff, the facts set forth in the Complaint surrounding the May, 13, 2021 telephone call are not sufficient to set forth a cause of action under any of the six (6) Counts in the Complaint. **See Plaintiff's Complaint, ¶ 87-97.** Any and all other allegations are time barred by the LAD and Civil Rights statutes of limitations.

Also, for the record, Defendant Vicari denies ever having had such a telephone conversation with Plaintiff.

As such, Defendant Vicari respectfully requests the Court Dismiss Plaintiff's Complaint pursuant to **Fed. R. Civ. P. 12(b)(6),** for failure to state a claim upon which relief can be granted.

Should the Court decide not to dismiss the Complaint, Defendant would respectfully request, in the alternative, that the Court order Plaintiff provide a more definitive pleading, pursuant to **Fed. R. Civ. P. 12(e)**.

## ARGUMENT

I.  **PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUTANT TO FED. R. CIV. P. 12(B)(6), AS PLAINTIFF'S CLAIMS ARE TIME BARRED BY THE STATUTE OF LIMITATIONS.**

In accordance with Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim on which relief can be granted. Although the statute of limitations is an affirmative defense, on a Rule 12(b)(6) motion, a complaint may be dismissed on statute of limitations grounds, but "only when the statute of limitations defense is apparent on the face of the complaint." **Wisniewski v. Fisher**, 857 **F**.3d 152, 157 (3rd Cir. 2017)(§1983 case, citing **Schmidt v. Skolas**, 770 **F**.3d 241, 249 (3rd Cir. 2014); see also **Fried v. J.P. Morgan Chase & Co.**, 850 **F**.3d 590, 604 (3rd Cir. 2017)).

Moreover, the Third Circuit permits a statute of limitations defense to be raised by a **Rule 12(b)(6)** motion if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." **Robinson v. Johnson**, 313 **F**.3d 128, 135 (3rd Cir. 2002), (quoting **Hanna v. U.S. Veterans Administration Hospital**, 514 **F**.2d 1092, 1094 (3rd Cir.

1975)); **Rycoline Products, Inc. v. C&W Unlimited**, 109 **F.**3d 883, 886 (3rd Cir. 1997)(**where affirmative defense is apparent on the face of the complaint, the complaint is subject to a R. 12(b)(6) motion to dismiss.)** Here the vast majority of Plaintiff's allegations take place prior to the applicable statute of limitations.

New Jersey's Law Against Discrimination has a two-year statute of limitations. **Montells v. Haynes**, 133 **N.J.** 282, 285 **(1993).** In **Montells**, the Court held that "[a]fter carefully considering the purpose of the LAD and of statutes of limitations, we conclude that a single statute of limitations should apply to all LAD claims" and that because "injuries under LAD are most like personal-injury claims... the two-year personal-injury statute of limitations should apply." **Ibid.**

Thus, a claimant must file her complaint "within two years of the date on which the cause of action `accrued.'" **Henry v. N.J. Dept. of Human Services**, 204 **N.J.** 320, 324 **(2010).** This "encourage[s] prompt resolution of claims, particularly in discrimination cases where evidence may be `vulnerable to the passage of time.'" **Id.** at 332-33 **(quoting Montells, at 291, 293).** The complaint must be filed within two years of the date on which the cause of action accrued. See also **Illas v. Gloucester County Sheriff's Dept.**, 2015 WL 778806, at *4 (D.N.J. 2015); **Henry v.**

**N.J. Dept. of Human Services**, 204 **N.J.** 320 (2010); **Sheppard v. Hunterdon Developmental Center**, 174 **N.J.** 1 (2002).

A LAD claim must be brought within two years of the alleged discriminatory act. **See Alexander v. Seton Hall Univ.**, 204 *N.J.* **219 (2010)**. ("[A]brupt, singular adverse employment actions that are attributable to invidious discrimination, prohibited by the LAD, generally are immediately known injuries, whose two-year statute of limitations period commences on the day they occur[.]").

Similarly, the applicable statute of limitations in civil rights actions filed under **42 U.S.C. §1983** is determined by the state's statute of limitations for personal injury actions, regardless of the topical nature of the civil rights claim pleaded. **Owens v. Okure**, 488 **U.S.** 235 (1989); **Wilson v. Garcia**, 471 **U.S.** **261 (1985)**. In New Jersey, there is a two-year statute of limitations for personal injury claims. **N.J.S.A.** 2A:14-2; **see also Craig v. Ewing Township**, 678 **F.** **Supp.** 1106 (D.N.J. 1988); **Plain v. Flicker**, 645 **F.** **Supp.** 898 (D.N.J. 1986).

As such, all claims brought in the state of New Jersey under §1983 are subject to a two-year statute of limitations period. **Cito v. Bridgewater Township Police Dept.**, 982 **F.**2d 23, 25 (3rd **Cir. 1989)**; held that a two-year limitations period for personal injury action applies to all §1983 claims accruing in New Jersey.

Also, Plaintiff alleges claims under equivalent sections of the New Jersey State Constitution, which are also controlled by a

two-year statute of limitations. **See Freeman v. State of New Jersey**, 347 **N.J. Super.** 11, 22 **(App. Div. 2002)** (affirming dismissal of plaintiff's equivalent civil rights claims brought under §1983 and the New Jersey State Constitution as barred by the two-year statute of limitations).

Generally, a claim accrues in a federal cause of action "as soon as a potential claimant is either aware, or should have been aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong." **Oshiver v. Levin, Fishbein, Sedran and Berman**, 38 **F.**3d 1380, 1386 (3rd Cir. 1994).

Here, Plaintiff's initial complaint was filed on May 11, 2022 and, accordingly, any claims that took place prior to May 11, 2020 must be dismissed as time barred by the statute of limitations as to LAD and civil rights claims.

Plaintiff's Complaint sets forth one single factual allegation pertaining to Defendant Vicari taking place after the date of May 11, 2020, an alleged May 13, 2020 telephone call. **See Plaintiff's Complaint, ¶ 87-97.** Other than the alleged May 13, 2020 telephone call, Plaintiff refers only to incidents that either occurred over ten (10) years ago or that she cannot provide specific dates for.

For example, Plaintiff claims that during the time of 2003 through 2004, Defendant Vicari "would come into the office and

make passes at the Plaintiff." **See Plaintiff's Complaint, ¶ 18.**
Paragraphs 18-20 of the Complaint contain numerous allegations
as to Defendant Vicari throughout the time period of 2003-2004,
all of which he fully denies and all of which are clearly barred
by the statute of limitations.

Plaintiff goes on to accuse Defendant Vicari of
inappropriate conduct in the workplace, such as Defendant
meeting with Plaintiff alone behind closed doors, touching and
speaking to Plaintiff inappropriately, requesting Plaintiff
deliver Senior Services documents to his office, and calling
Plaintiff after work hours. **See Plaintiff's Complaint, ¶ 21-26.**
Again, these non-specific allegations are from a time period
encompassing the year 2004.

Interestingly, Plaintiff alleges that rumors of her
romantic involvement with Defendant Vicari started when she was
promoted in June of 2004, due to the alleged closed door
meetings she had with Defendant Vicari. **See Plaintiff's
Complaint, ¶ 22-26.** Plaintiff further states, "Plaintiff was
NEVER romantically involved with Defendant Vicari." **See
Plaintiff's Complaint, ¶ 24.** Defendant Vicari agrees that he and
Plaintiff were NEVER romantically involved.

Plaintiff also claims Defendant required her to take him to
work events, deliver documents to his home, and on one occasion,
invited Plaintiff into his home and "fondled her breast." **See**

**Plaintiff's Complaint, ¶ 32-41.** Not only is such a contention untrue, but it is also time barred by the statute of limitations as these allegations take place before the year 2005. **See Plaintiff's Complaint, ¶ 42.**

Plaintiff further alleges that Defendant Vicari would schedule meetings on the third floor near Plaintiff's office and would come into her office and "grab her breasts." **See Plaintiff's Complaint, ¶ 49-50.** While Plaintiff again can provide no specific dates as to this allegation, a simple following of the Complaint's timeline sets these events before the year of 2012, well outside the statutory time prescribed for the claims set forth.

Plaintiff also alleges that in December of 2013, she submitted her resume for a director position in the Office of Senior Services, but did not get the promotion due to her non-response to Defendant Vicari's alleged advances. **See Complaint. ¶ 53-56.** Defendant Vicari, again, asserts that he does not and have never had control over Plaintiff's employment, salary, job duties, or ability to be promoted. Further, Plaintiff does not refer to any specifically alleged dates or instances when she denied Defendant's "advances," that caused him to interfere with her promotion. More importantly, December of 2013 falls well outside the applicable statute of limitations.

Plaintiff further contends Defendant made "advances"

19

towards her at a breakfast on December 16, 2017. **See Complaint,**
**¶ 66.** First, such a contention is completely false and
contrived, as Defendant Vicari buried his father-in-law on
December 16, 2017.

Aside from the May 13, 2020 telephone call, the entirety of
Plaintiff's Complaint relies on incidents allegedly occurring
well before May 11, 2020. All such alleged incidents are time
barred by the LAD and civil rights statute of limitations. Given
that the May 13, 2020 telephone call alone is insufficient to
support any of the causes of action set forth against Defendant
Vicari, Plaintiff's Complaint must be properly dismissed
pursuant to **Federal Rule of Civil Procedure 12(b)(6).**

II. **PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS TO DEFENDANT**
**VICARI PURSUANT TO FED. R. CIV. P. 12(b)(6), AS THE**
**ALLEGED MAY 13, 2020 TELEPHONE CALL IS INSUFFICIENT TO**
**SUPPORT ANY COUNT OF THE COMPLAINT AND ALL OTHER FACTUAL**
**ALLEGATIONS ARE TIME BARRED.**

In accordance with Federal Rule of Civil Procedure 12(b)(6),
a complaint or portions of a complaint may be dismissed for failure
to state a claim on which relief can be granted. As noted by the
court in **Schanzer v. Rutgers Univ**., 934 **F. Supp.** 669 (D.N.J. 1996):

> A motion to dismiss under Rule 12(b)(6) for failure to
> state a claim upon which relief can be granted does not
> attack the merits of the case, but merely tests the legal
> sufficiency of the Complaint. **See Sturm v. Clark**, 835
> **F**.2d 1009, 1011 (3rd **Cir**. 1987). When considering a **Rule**

12(b)(6) motion, the reviewing court must accept as true all well-pleaded allegations in the Complaint and view them in the light most favorable to the plaintiff. **See Scheuer v. Rhodes**, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3rd Cir. 1985); Rogin v. Bensalem Township, 616 F.2d 680, 685 (3rd Cir. 1980), *cert. denied*, 450 U.S. 1029, 101 S. Ct. 1737, 68 L.Ed.2d 223 (1981). In considering the motion, a district court must also accept as true any and all reasonable inferences derived from those facts. **See Unger v. National Residents Matching Program**, 928 F.2d 1392, 1400 (3rd Cir. 1991); Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Savings Bank, 748 F. Supp. 254, 260 (D.N.J. 1990). A court may not dismiss the Complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957).

The question before the court is not whether the plaintiff will ultimately prevail; rather, it is whether he can prove any set of facts in support of his claims that would entitle him to relief. **See Hishon v. King & Spalding**, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232-33, 81 L.Ed.2d 59 (1984).

See also Acevedo v. Monsignor Donovan High School, 420 F. Supp. 2d 337 (D.N.J. 2006).

In deciding a motion to dismiss, the court may consider the allegations in the complaint, matters of public record, orders and exhibits attached to the complaint. **Caissie v. City of Cape May**, 619 F. Supp. 2d 110, 115 (D.N.J. 2009). Generally, a district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). **See Malleus v. George**, 641 F.3d 560, 563 (3rd Cir. 2011). The court must first take note of the elements that a plaintiff must plead in order to state a claim. **Ashcroft v.**

**Iqbal**, 556 **U.S.** 662, 675 (2009). Next, factual and legal elements of the complaint should be separated and the district court must accept all well-pleaded facts as true, and view them in the light most favorable to plaintiff, but is free to disregard any legal conclusions. **Malleus**, *supra*; **Iqbal**, *supra* at 678. Lastly, the district court must decide whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief'." **Fowler v. UPMC Shadyside**, 578 **F.**3d 203, 211 (3rd Cir. 2009)(quoting **Iqbal**, *supra* at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Id. at 210** (quoting **Iqbal**, at 678).

Moreover, a "formulaic recitation of the elements of a cause of action will not do." **Id. (citing Papasan v. Allain**, 478 **U.S.** 265, 286 (1986)). Further, liberal construction does not require the court to credit a plaintiff's "bald assertions" or "legal conclusions." **Morse v. Lower Merion Sch. Dist.**, 132 **F.**3d 902, 906 (3rd Cir. 1997). The complaint must allege "sufficient factual matter" to show that the claim is facially plausible. **Fowler**, *supra* at 210. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Fair Wind**

**Sailing, Inc. v. Dempster**, 764 F.3d 303, 308 n.3 (3rd Cir. 2014).

Once the statute of limitations is applied and the fat is trimmed from this Complaint, the only factual allegation remaining as to Defendant Vicari is the alleged May 13, 2020 telephone call. **See Plaintiff's Complaint, ¶ 87-97.** Even the most liberal reading of the circumstances surrounding this alleged telephone call do not amount to any feasible claim under New Jersey's Law Against Discrimination or Civil Rights Act.

Paragraph eighty-seven (87) of the Complaint alleges that on May 13, 2021, Defendant Vicari called Plaintiff on her cell phone, and had a conversation that seemingly amounted to small talk. **See Plaintiff's Complaint, ¶ 87-97.** Plaintiff and Defendant Vicari allegedly spoke about a retirement party for Sue Kaiser, and that Sue Kaiser was obsessed with Defendant Vicari. **See Plaintiff's Complaint, ¶ 90-91.** Plaintiff then claims she told Defendant Vicari "that his sexual abuse and harassment had to stop," that she was "tired of being threatened," that Defendant Vicari had "ruined her life because of the emotional distress he put her through," and that she was getting married and wanted to be left alone. **See Plaintiff's Complaint, ¶ 93-97.** While Plaintiff refers to past alleged incidents of misconduct by Defendant Vicari, she offers absolutely no specifics. No other factual allegation exists to

support the contentions raised in the May 13, 2020 telephone call because all other facts in the Complaint alleged against Defendant Vicari take place in time well outside of the statute of limitation.

In establishing the facts surrounding the May 13, 2020 telephone call, Plaintiff has failed to set forth a legally cognizable claim for (1) Sexual Harassment under LAD, (2) Retaliatory Harassment under LAD, (3) Reprisal under LAD, (4) a Violation of New Jersey Civil Rights Act, (5) Deprivation of Federally Protected Rights, nor (6) §1983 Monell claim. The claims here have no facial plausibility as the content Plaintiff sets forth cannot allow a Court to draw a reasonable inference that Defendant Vicari is liable for the alleged misconduct. **Fair Wind Sailing, Inc. v. Dempster**, 764 **F.**3d 303, 308 n.3 (3rd **Cir. 2014)**.

As such, Defendant Vicari respectfully requests that the Court dismiss the Complaint as against him in its entirety pursuant to **Fed. R. Civ. P. 12 (b)(6)**.

### III. COUNT I (SEXUAL HARASSMENT) OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS PLAINTIFF CANNOT ESTABLISH THE REQUISITE ELEMENTS FOR SEXUAL HARASSMENT OR A HOSTILE WORK ENVIRONMENT.

Count I of Plaintiff's Complaint sets forth a sexual harassment claim under New jersey's Law Against Discrimination. Plaintiff's sexual harassment claims derive from alleged incidents in the work

place, where Plaintiff claims to have been subjected to a hostile
and unfair work environment. However, as previously discussed at
length, the only factual allegation against Defendant Vicari that
falls within the prescribed statute of limitations, the May 13,
2020 telephone call, falls well short of meeting the standards
required for claims of sexual harassment and hostile work
environment.

As noted by the Appellate Division in **Herman v. Coastal Corp.**,
348 **N.J. Super.** 1, 20 (App. Div. 2002), **certif. den'd.**, 174 **N.J.**
363 (2002):

> To state a claim for hostile work environment
> sexual harassment, the plaintiff must
> establish: "the complained-of conduct (1)
> would not have occurred but for the employee's
> gender; and it was (2) severe or pervasive
> enough to make a (3) reasonable woman believe
> that (4) the conditions of employment are
> altered and the working environment is hostile
> or abusive." **Lehmann**, *supra*, 132 N.J. at 603-
> 04 626 A.2d 445.
>
> Judge Snyder determined that plaintiff's
> proofs did not even meet the initial
> threshold, that the conduct occurred because
> of plaintiff's sex. The **Lehmann** Court stated:
>
> The first element of the test is discrete from
> the others. It simply requires that in order
> to state a claim under the LAD, a plaintiff
> must show by a preponderance of the evidence
> that she suffered discrimination because of
> her sex. Common sense dictates that there is
> no LAD violation if the same conduct would
> have occurred regardless of the plaintiff's
> sex. For example, if a supervisor is equally
> crude and vulgar to all employees, regardless
> of their sex, no basis exists for a sex

> harassment claim. Although the supervisor may
> not be a nice person, he is not abusing a
> plaintiff because of her sex.
> **[132 *N.J.* at 604.]**

In order to establish a legally cognizable claim of hostile work environment a plaintiff must show that the incidents complained of were collectively "`sufficiently severe or pervasive to have altered plaintiff's conditions of employment in an important and material manner.'" **El-Sioufi v. St. Peter's University Hosp.**, 382 **N.J. Super**. 145, 176 (App. Div. 2005) (quoting **Cokus v. Bristol-Myers Squibb Co.**, 362 **N.J. Super**. 245, 246 (App. Div. 2003), **certif. denied**, 178 **N.J.** 32 (2003)). "[A]ctions that affect wages, benefits, or result in direct economic harm qualify [as retaliation]. So too, noneconomic actions that cause a significant, non-temporary adverse change in employment status or the terms and conditions of employment would suffice." **Victor v. State**, 401 **N.J. Super**. 596, 616 (App. Div. 2008), *aff'd. in part, modified in part*, 203 **N.J.** 383 (2010).

In order to establish a cause of action under the LAD based on a hostile work environment, plaintiffs must show that the alleged misconduct, (1) would not have occurred but for the employee's protected status, and was (2) severe or pervasive enough to make a (3) reasonable person believe that (4) the conditions of employment have been altered and that the working environment is hostile or abusive. **Dunkley v S. Coraluzzo Petroleum**, 437 **N.J.**

26

**Super**. 366 (App. Div. 2014) See also, **Herman v. Coastal Corp.**, 348 **N.J. Super.** 1, 20 (App. Div. 2002), **certif. den'd.**, 174 **N.J.** 363 (2002) (…in order to state a claim under the LAD, a plaintiff must show by a preponderance of the evidence that she suffered discrimination because of her sex.); **El-Sioufi v. St. Peter's University Hospital**, 382 **N.J. Super.** 145 (App. Div. 2005).

Under the first prong of the **Lehmann** test plaintiffs must establish by a preponderance of the evidence that the impermissible conduct would not have occurred but for their protected class. **Sheppard,** *supra,* **at 24.** The "defining element" of a hostile work environment claim is whether the protected characteristic was the cause of the alleged harassment. **Herman,** *supra* **at 20.** Thus, plaintiffs must do more than point to "personality conflicts, albeit severe, with a supervisor who is outside their protected class and lump together random incidents and disagreements" to satisfy the second prong of severe and pervasive. **Id. at 20, 23.**

As the Appellate Division in **Herman, supra,** observed at page 23:

> Plaintiff's attempt to lump random incidents and disagreements with co-workers during her tenure at CEPOC are ineffective in meeting the standard of "an abusive working environment." As stated by the District Court of New Jersey, "Although a person is legally entitled to a work environment free of hostility, she is not entitled to a perfect workplace, free of annoyances and colleagues she finds disagreeable. In short, what is illegal is a 'hostile work environment,' not an 'annoying

work environment.' " **Lynch v. New Deal Delivery Serv., Inc.**, 974 F.Supp. 441, 452 **(D.N.J.1997)**. Summary judgment was properly granted, dismissing plaintiff's claims of a hostile working environment.

Plaintiff has been employed by the County of Ocean for over twenty (20) years, where she spent the majority of her career working in the Office of Senior Services.

Defendant Joseph H. Vicari, Commissioner, is a duly elected Commissioner of the County of Ocean. At no point during his official capacity as Commissioner, did Defendant Vicari oversee the Office of Senior Services. Defendant Vicari was the liaison to the Office of Senior Services. The position of liaison gave Defendant Vicari no authority or control over employment and staffing changes within the Office of Senior Services. As such, Defendant Vicari had no authority or control over Plaintiff's employment, salary, job duties, or ability to be terminated and promoted. At no point was Defendant Vicari a supervisor of Plaintiff.

Even so, Plaintiff does not claim that her employment was negatively affected. Plaintiff does not claim that she was demoted or received a deduction in salary. In fact, Plaintiff states that on June 6, 2004, she was promoted to Program Monitor and received an enormous raise of $19,000. **See Plaintiff's Complaint, ¶ 22.**

28

Plaintiff's Complaint is replete with factual allegations that fall well outside statutes of limitations prescribed by New Jersey's LAD and Civil Rights Act. That leaves the Court with a single factual allegation against Defendant Vicari, the May 13, 2020 telephone call. **See Plaintiff's Complaint, ¶ 87-97.**

As such, Plaintiff fails to satisfy the first and second prongs of the **Lehmann** test. Even when taking the facts surrounding the May 13, 2020 telephone call as true, it contains no basis to assert plaintiff was mistreated because of her gender. Also, nothing said in the telephone call can be considered severe or pervasive. Severe and pervasive words are referenced in the call, such as sexual harassment, assault and abuse, but without any factual allegation from a statutorily relevant time period, Defendant Vicari cannot be accused of such serious claims. Plaintiff's mere reference to these allegations during the May 13, 2020 telephone is non-specific and ambiguous.

Furthermore, to satisfy the third and fourth prongs of the **Lehmann** Test, Plaintiff must demonstrate conduct that is objectively hostile and not merely subjectively offensive. This means that the alleged misconduct has to be more than simple annoyance. The alleged May 13, 2020 telephone call does not rise above this threshold. Plaintiff also fails to set forth factual allegations that her employment was negatively affected due to the alleged misconduct or due to her gender. Plaintiff complains that

her ability to be promoted was interfered with. While Plaintiff seems to discount the numerous plausible reasons she may have not been promoted, she fails at attach a specific incident of misconduct by Defendant Vicari that prevented her from receiving a promotion. Plaintiff having been upset for not receiving the promotion she applied for cannot be attributed to Defendant Vicari, especially given the fact that his position holds absolutely no authority over Plaintiff's employment or her position within the County. Plaintiff's salary was never lowered, her benefits never diminished, and when she requested a transfer back to the Senior Services Department, it was granted.

Pursuant to **Lehmann**, Plaintiff's Complaint falls well short of establishing any behavior on behalf of Defendant Vicari was sexually harassing and so severe or pervasive as to make a reasonable woman believe that the conditions of her employment had been altered and that the working environment was hostile or abusive. **Lehmann v. Toys 'R' Us**, 132 **N.J.** 587, 603-4 (1993). Plaintiff's Complaint is replete with irrelevant allegations that fall outside the statute of limitations, and one relevant allegation of a telephone call, that cannot meet the standards set forth for the claims asserted.

As such, Defendant Vicari respectfully requests that the Complaint be dismissed pursuant to **Fed. R. Civ. P. 12(b)(6)**.

IV.   **COUNT II (RETALITAORY HARASSMENT) AND COUNT III (REPRISAL) OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS DEFENDANT VICARI WAS NEVER PLAINTIFF'S SUPERVISOR AND PLAINTIFF CANNOT ESTABLISH THE REQUISITE ELEMENTS OF SUCH A CLAIM.**

In order to assert a *prima facie* case of retaliation under the Law Against Discrimination, a plaintiff show (1) that she engaged in "protected employee activity" known to the employer; (2) "adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." **Tinio v. Saint Joseph Reg'l Med. Ctr.**, 645 **F. App'x** 173, 176 (3rd Cir. 2016) (quoting **Daniels v. Sch. Dist. of Phila.**, 776 **F.**3d 181, 193 (3rd Cir. 2015)); *see also* **Battaglia v United Parcel Post,** 214 **N.J.** 518 (2013) (substantially same standard for NJLAD retaliation claims); **Sanchez v. SunGard Availability Servs. LP**, 362 **F. App'x** 283, 287 (3rd Cir. 2010).

Here, Plaintiff does not show that she is engaged in a protected employee activity known to the employer. Plaintiff does not establish or even allege adverse action by the employer either after or contemporaneous with the employee's protected activity. Plaintiff also fails to assert a causal connection between the employee's protected activity and the employer's adverse action. **Tinio v. Saint Joseph Reg'l Med. Ctr.**, 645 **F. App'x** 173, 176 (3rd Cir. 2016).

Furthermore, the key word in the analysis for Retaliatory Harassment claims is "employer." At no point in time was Defendant Vicari, Plaintiff's employer. Defendant Vicari was the liaison to Plaintiff's division within the County, but that gave him no authoritative or managerial control over Plaintiffs employment, salary, ability to be promoted or terminated, or any other aspect of Plaintiff's employment with the County of Ocean.

Aside from the fact that Defendant Vicari was never in a position to commit any form of retaliatory harassment against Plaintiff, she still fails to satisfy the requisite elements to set forth a *prima facie* case for same.

As such, Defendant Vicari respectfully requests that the Complaint be dismissed pursuant to **Fed. R. Civ. P. 12(b)(6)**.

**V.    COUNTS V AND VI (DEPRIVATION OF FEDERALLY PROTECTED RIGHTS UNDER 42 U.S.C.A. §1983) MUST BE DISMISSED AS PLAINTIFF HAS FAILED TO SET FORTH A SUFFICIENT FACTUAL BASIS FOR SUCH A CLAIM.**

Defendant Vicari adopts the arguments set forth by his Co-Defendants as to Plaintiff's Civil Rights claims set forth in their Motion to Dismiss, and supplements same with the following.

The language of Civil Rights Act, **42 U.S.C. §1983** indicates that it provides a remedy only for deprivations of rights secured by the Constitution or federal laws. **Maine v. Thiboutot**, **448 U.S. 1, 7 (1984)**. It is well settled that §1983 is not itself a source of

32

substantive rights but merely provides a method for vindicating federal rights conferred elsewhere. **Graham v. Connor**, 490 **U.S.** 386 (1989), citing **Baker v. McCollan**, 443 **U.S.** 137, 144, n.3 (1979); See also **Willdoner v. Borough of Ramsey**, 162 **N.J.** 375 (2000). As noted by the Court in **West v. Atkins**, 487 **U.S.** 32, 48 (1988):

> To state a claim under **§1983,** a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of State law.

Accordingly, "one cannot go into court and claim a violation of §1983- for §1983 by itself does not protect anyone from anything." **Chapman v. Houston Welfare Rights Org.**, 441 **U.S.** 600, 617 (1979); **Baker,** *supra*, at page 144, n.3 (1979). Pursuant to §1983, a plaintiff is required to set forth specific conduct by the governmental entity or its officials that violated the Constitutional rights of plaintiff. **Hillard v. New Jersey Army Nat'l Guard,** 527 **F. Supp.** 405 (D.N.J. 1981); **Henschke v. Borough of Clayton**, 251 **N.J. Super.** 393, 401 (App. Div. 1991). A plaintiff is required to establish with specificity that the defendant deprived him of a right secured by the Constitution. **Reid v. Barret**, 467 **F. Supp.** 124 (D.N.J. 1979), *aff'd* 615 **F.2d** 1354 (3rd Cir. 1980); **Henschke,** *supra*.

Thus, to state a claim for relief under §1983, a plaintiff must allege, first, the violation of a right secured by the

Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. **See Harvey v. Plains Twp. Police Dep't**, **635 F.3d 606, 609 (3rd Cir. 2011) (citations omitted); see also West v. Atkins, 487 U.S. 42, 48 (1988); Klein v. Donatucci, 861 F. App'x 503, 507 (3rd Cir. 2021)(citing Elmore v. Cleary, 399 F.3d 279, 281 (3rd Cir. 2005)).**

Once the applicable statute of limitations is applied to this Complaint, the only factual allegation against Defendant Vicari is the May 13, 2020 telephone call. **See Plaintiff's Complaint, ¶ 87-97.** No violation of Plaintiff's Federally protected rights can be gleaned from the alleged circumstances surrounding this telephone call. Even when viewing this in a light most favorable to Plaintiff, there is no claimed right to have been violated.

Even before the application of the statute of limitations, a generous search of the entire Complaint yields no cognizable connection between Defendant Vicari and a violation of Plaintiff's Federally protected rights. Plaintiff claims that she has been discriminated against based on her gender and that her right to employment was violated based on the fact that she did not receive a promotion. Again, Defendant Vicari was never in a professional or political position to affect Plaintiff's employment or ability to be promoted. Plaintiff alleges no facts

34

to support a finding that the reason behind her not receiving a promotion was in fact some violation of her rights, or based on a form of discrimination. However, the reasons behind her failure to receive a promotion are irrelevant as to Defendant Vicari, given that he was in no position to exert control over such a situation.

As for any other allegations against Defendant Vicari as to Plaintiff's emotional distress and annoyance in the workplace, as discussed in the above case law, such claims do not constitute violations of federally protected rights.

As such, Defendant Vicari respectfully requests that the Complaint be dismissed pursuant to **Fed. R. Civ. P. 12(b)(6).**

## VI. COUNT IV (VIOLATION OF CIVIL RIGHTS ACT) OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS PLAINTIFF HAS FAILED TO PRESENT A SUFFICIENT FACTUAL BASIS FOR SUCH A CLAIM.

Defendant Vicari adopts the arguments set forth by his Co-Defendants as to Plaintiff's Civil Rights claims set forth in their Motion to Dismiss, and supplements same with the following.

The New Jersey Civil Rights Act (NJCRA) is interpreted analogously of §1983. **Ingram v. Twp. of Deptford**, 911 **F. Supp. 2d** 289, 298 (D.N.J. 2012); **Trafton v. City of Woodbury**, 799 **F. Supp. 2d**. 417, 443 (D.N.J. 2011); **Meleika v. Bayonne Police Dept.**, (D.N.J. decided May 7, 2020); see also **Samoles v. Lacey Township**,

2014 WL 2602251 (D.N.J. decided June 11, 2014)(the NJCRA was modeled after §1983, and thus courts in New Jersey have consistently looked at claims under the NJCRA "through the lens of §1983.").

A cause of action brought under the NJCRA has the same elements as the federal Civil Rights Act, **42 U.S.C. §1983**, after which the NJCRA was modeled. **Rezem Family Assocs. L.P. v. Borough of Millstone**, 423 **N.J. Super.** 103, 115 (App. Div. 2011). New Jersey state courts may look to federal cases analyzing §1983 to interpret the NJCRA's provisions. **See Tumpson v. Farina**, 218 **N.J.** 450, 474 (2014)("**The interpretation given to parallel provisions of §1983 may provide guidance in construing our Civil Rights Act.**").

For the reasons set forth above in Point VI, Plaintiff cannot sustain her Civil Rights claims, and as such, Defendant Vicari respectfully requests that the Complaint be dismissed pursuant to **Fed. R. Civ. P. 12(b)(6)**.

## VII. IN THE ALTERNATIVE, PURSUANT TO FED. R. CIV. P. 12(E), DEFENDANT VICARI DEMANDS A MORE DEFINITIVE STATEMENT.

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. **Fed. R. Civ. P. 12(e)**.

36

Plaintiff's Complaint is replete with factual allegations lacking the specificity necessary to set forth a cause of action for any of the six (6) Counts. In the event that the Court decides not to Dismiss the Complaint, Defendant Vicari would respectfully request the Court Order Plaintiff to supply more definitive statements as to her factual allegations, many of which do not have dates or any specific information at all.

In such an event, Defendant Vicari would also request that the Court Order Plaintiff's more definitive statement to only include allegations that occur within the applicable statute of limitations, which is after May 11, 2020.

## CONCLUSION

Acts comprising the hostile work environment are distinguished from single, discrete acts of discrimination — such as termination or failure to promote — that fall outside the limitations time period and cannot be revived based on other similar discrete acts that are timely. **Caggiano v. Fontoura**, 354 **N.J. Super.** 111, 128-129 (App. Div. 2002).

The statute of limitations excludes the majority of the Complaint and the factual allegations remaining, as set forth against Defendant Vicari, are insufficient to set forth a cause of action for any of the six (6) Counts of the Complaint. Plaintiff cannot recall specifics with regard to most of the

alleged incidents she asserts. Most of the Complaint references alleged incidents without dates, or even years. Plaintiff claims she suffered great emotional distress over the way she was treated at work over the years, yet cannot recall the specifics of the alleged events that triggered such distress. Plaintiff claims her ability to be promoted was violated by Defendant Vicari based on her gender and refusal to adhere to his pursuits, even though Defendant Vicari had no such ability.

The only factual allegation contained in the Complaint that falls within the statute of limitations, which Defendant argues must still be dismissed for lack of merit, is an alleged May 13, 2020 telephone call. **See Plaintiff's Complaint, ¶ 87-97.** For the reasons briefed above, the alleged facts surrounding this telephone call alone cannot suffice to support any one Count of the Complaint.

Plaintiff also references a prior sexual harassment lawsuit with the County of Ocean that Defendant Vicari was named in. **See Plaintiff's Complaint, ¶ 77-78.** Defendant Vicari would like the record to reflect that he was named in such a suit as a defendant, but was not accused with the count of sexual harassment contained in that complaint, which was docketed **MON-L-1356-14**.

As such, Defendant Vicari respectfully requests that the Complaint be dismissed pursuant to **Fed. R. Civ. P. 12(b)(6)**, or

in the alternative, to Order Plaintiff provide a more definitive statement containing only factual allegations that fall within the applicable statute of limitations.


                                Law Offices of Albert H. Wunsch, III
                                Attorneys for Defendant Joseph Vicari


                                Albert H. Wunsch, III, Esq.
Date:   July 15, 2022