ALBERT H. WUNSCH, III••
MATTHEW R. PUMA•

OF COUNSEL:
WILLIAM P. SCHUBER•
JEFFREY I. AMTMAN••
CHARLES C. KHYM••
FEBRUARY 1967 - MARCH 2012

ADMITTED IN NJ•
ADMITTED UN NY•
ADMITTED IN DC♦
ADMITTED IN FLA

LAW OFFICES OF
**ALBERT H. WUNSCH, III**
400 SYLVAN AVENUE
ENGLEWOOD CLIFFS, NJ 07632

TEL (201)541-0500
FAX (201)541-0606
legalweapon3@msn.com

CHAMBER OF COMMERCE BUILDING
39-01 MAIN STREET, SUITE 608
FLUSHING, NY 11354
TEL (718)445-1300
FAX (718)445-8616

157 ENGLE STREET
ENGLEWOOD, NJ 07631
TEL (201)567-7574
FAX (201)568-7809

REPLY TO
ENGLEWOOD CLIFFS

August 30, 2022

**Via Regular Mail & Electronic Filing**
Honorable Freda L. Wolfson, U.S.D.J.
United States District Court
402 E. State Street
Courtroom 5E
Trenton, New Jersey 08608

    RE:    <u>Marie Elena Pine v. County of Ocean, et. al.</u>
            Civil Action No.: 3:22-cv-02760

Dear Judge Wolfson,

    As you are aware, this office represents Defendant Joseph Vicari, Commissioner, with respect to the above captioned matter. Please accept this letter brief in lieu of a more formal Reply to Plaintiff's Opposition to this Defendant's Motion to Dismiss.

<u>LEGAL ARGUMENT</u>

    I.    <u>The Continuing Violations Doctrine Is Inapplicable Under The Facts Set Forth In The Complaint, Thus Dismissing All Claims Not Set Within The Statute Of Limitations.</u>

    Please be advised that in the interest of judicial economy, Defendant Vicari joins in and adopts the arguments set forth at length in **Point I** of Co-Defendants' County of Ocean <u>et</u> <u>als.</u>, Reply to Plaintiff's Opposition to the pending motion to

dismiss. This is subject to the following supplementation, however.

New Jersey's Law Against Discrimination has a two-year statute of limitations. **Montells v. Haynes**, 133 **N.J.** 282, 285 **(1993)**. Given that Plaintiff filed this Complaint on May 11, 2022, all claims made that occurred prior to May 11, 2020 are barred by the applicable statute of limitations for New Jersey's Law Against Discrimination and Civil Rights claims. Plaintiff is now attempting to circumvent the statute of limitations under the misplaced guise of the continuing violations doctrine. As is clear with even a cursory view, the Complaint, if it is to be believed, is replete with alleged discernable, discrete and actionable incidents of sexual harassment/assault that fall well outside the statute of limitations.

What the doctrine does not permit is the aggregation of discrete discriminatory acts for the purpose of reviving an untimely act of discrimination that the victim knew or should have known was actionable. **Roa v. Roa**, 200 N.J. 555 (2010).

Courts have traditionally held that to establish a continuing violation based on a series of discriminatory acts, a plaintiff must demonstrate that:

> (1) at least one allegedly discriminatory act occurred within the filing period and (2) the discrimination is 'more than the occurrence of isolated or sporadic acts of intentional discrimination' and is instead a continuing pattern of discrimination.

2

[Harel v. Rutgers, The State Univ., supra, 5 F. Supp. 2d at 261 (quoting Rush v. Scott Speciality Gases, Inc., 113 F.3d 476, 481 (3d Cir.1997)).]

Here, Plaintiff's Complaint sets forth a hodgepodge of alleged sporadic incidents, spread over the course of nearly twenty (20) years. Plaintiff's Complaint contains twenty-seven (27) separate alleged incidents of sexual harassment/assault as against Defendant Vicari, of which only nine (9) have specific dates. Three (3) of those nine (9) list only months or years. Of those twenty-seven (27) alleged incidents, only two (2) fall within the applicable statute of limitations. Those alleged incidents being the March 2021 tour and the May 13, 2021 telephone call. **See Plaintiff's Amended Complaint, Paragraphs 82 and 87**. The alleged facts in the Complaint are no more than the occurrence of isolated and sporadic incidents, most of which cannot even be identified in time or with specificity.

In its Opposition, Plaintiff states "in fact, the individual defendants' set forth a mere fraction of the overall sexual harassment, conveniently omitting those allegations that fall within the statutory period…" **See Plaintiff's Opposition to Motion to Dismiss, P. 10**. However, only a fraction of the allegations in the Complaint were pled with specific dates.

Plaintiff is certainly not entitled to the protections of the continuing violation doctrine. In fact, the Plaintiff's

3

efforts to comport to same strains all credibility of the concept. When viewing the Complaint in a light most favorable to the Plaintiff, each alleged act of alleged sexual harassment or assault is its own actionable offense. In other words, each claim of sexual harassment or assault is a discrete act in and of itself that triggers its own statute of limitations. Plaintiff argues the Defendants have all glossed over the alleged incidents that do not amount to discrete acts. Even if the Court determined certain alleged incidents not to constitute a discrete act of sexual misconduct, Plaintiff still cannot establish those allegations as "more than the occurrence of isolated or sporadic acts of intentional discrimination." **Harel v. Rutgers, The State Univ.**, supra, 5 F. Supp. 2d at 261 (quoting **Rush v. Scott Speciality Gases, Inc.**, 113 F.3d 476, 481 (3d Cir.1997)).

There are massive and unexplainable gaps in time between the alleged incidents. The first alleged incident is generally from the year of 2003-2004. **See Plaintiff's Complaint, Paragraph 18**. The second alleged incident with a date is from March 10, 2005. **See Plaintiff's Complaint, Paragraph 43**. The rest of the alleged incidents are from 2017 and on. **See Plaintiff's Complaint**.

The alleged incidents Plaintiff lists are all events that Plaintiff should have known gave rise to their own cause of

action. For example, Plaintiff claims Defendant Vicari allegedly rubbed up against her breasts, fondled her breasts, put his hand on her thigh under the table, cornered her in the office, made verbal sexual advances, stalked her, and threatened to interfere with job security if she reported him. Plaintiff failed to report and/or act upon these alleged incidents to anyone at the time they happened, and is now attempting to use the continuing violation doctrine to revive claims with an expired statute of limitations. This is in direct contravention to the pertinent case law. It cannot be tolerated.

Also, Plaintiff questions the fact that Defendants did not address the continuing violations doctrine in their motions to dismiss. Plaintiff fails to mention an application of the continued violations doctrine in her Complaint, but more importantly, the doctrine is inapplicable and Plaintiff's reliance is misplaced under these circumstances.

## II. No Valid Considerations Exist To Bar Defendant Vicari From Asserting A Statute Of Limitations Defense.

Another purpose of limitation periods is "to spare the court from litigation of stale claims." **State v. Standard Oil Co.**, 5 N.J. 281, 295 (1950), aff'd sub nom. **Standard Oil Co. v. New Jersey**, 341 U.S. 428, 71 S.Ct. 239, 95 L.Ed. 1078 (1951) (quoting **Chase Securities Corp. v. Donaldson**, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628, 1635

5

(1945)); See **Kaczmarek v. N.J. Tpk. Auth.**, 77 N.J. 329 (1978); **Farrell v. Votator Div. of Chemetron Corp.**, 62 N.J. 111 (1973). Once memories fade, witnesses become unavailable, and evidence is lost, courts no longer possess the capacity to distinguish valid claims from those which are frivolous or vexatious. See **Kaczmarek**, 77 N.J. at 338; **Lopez v. Swyer**, 62 N.J. 267 (1973); **Hous. Auth. of Union City v. Commonwealth Tr. Co.**, 25 N.J. 330 (1957). Scarce judicial resources are therefore best conserved for litigation timely commenced. **Galligan v. Westfield Ctr. Serv., Inc.**, 82 N.J. 188 (1980).

There is no just consideration to prevent Defendant Vicari from asserting a statute of limitations defense. Plaintiff argues that the statute of limitations should be cast aside based on equitable considerations. The equitable considerations Plaintiff bases this argument on is essentially her own failure to timely file these claims.

To support Plaintiff's position regarding the statute of limitations, Plaintiff relies upon **Zaccardi v. Becker**, 88 N.J. 245 (1982). There, the court "reversed the judgment, which held that the second complaint of plaintiffs, a husband and his wife, against defendant doctors to recover for medical malpractice was not barred and remanded because defendants' own conduct contributed to the delay and were equitably estopped from asserting the statute of limitations as an affirmative defense."

**Zaccardi v. Becker**, 88 N.J. 245 (1982). In that case, "defendant's own conduct contributed to the delay." **Id.**

Here, no delay can be blamed upon the defendants for Plaintiff not filing in a timely fashion. Plaintiff offers no sufficient explanation as to why these alleged discrete incidents, which Plaintiff knew or should have known to be actionable, were not filed in a timely manner. More importantly, Defendant Vicari had no part in any delay in the filing of Plaintiff's action, and as such, is entitled to assert the statute of limitations as a **defense**.

**Zaccardi** made it clear that equitable considerations come into play when the defendant uses the statute of limitations as a "sword and not a shield." **Id.** The factual and procedural circumstances are completely different in the present matter. Defendant Vicari has done nothing other than assert a valid defense as a shield against a mountain of allegations that are both meritless and untimely.

## CONCLUSION

Once the statute of limitations is properly applied to the Amended Complaint, the remaining allegations completely lack the factual sufficiency to proceed past the pleading stage. As such, Defendant Vicari respectfully requests that the Plaintiff's Complaint be Dismissed in its entirety.

Respectfully submitted,

*[signature]*

ALBERT H. WUNSCH, III

Dated: August 30, 2022

cc:   Mary Jane Lidaka, Esq.
      Tracy L. Riley, Esq.