UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIE ELENA PINE<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF OCEAN, et al.<br><br>　　　　Defendants. | Civil No. 22-02760 (RK)(DEA)<br><br>**<u>MEMORANDUM ORDER</u>** |

**<u>ARPERT</u>, United States Magistrate Judge**

　　　This matter comes before the Court on Marie Elena Pine's ("Plaintiff") Motion for Leave to File a Second Amended Complaint. ECF No. 21. Having been fully briefed and the filings been considered, for the reasons below, the Court **DENIES** Plaintiff's Motion.

**I.　Factual and Procedural Background**

　　　On May 11, 2022, Plaintiff, an employee of the County of Ocean, filed a Complaint against the County, Commissioner Crea, Commissioner Haines, Commissioner Vicari, and other unnamed Defendants (collectively "Defendants") alleging sexual harassment under New Jersey's Law Against Discrimination ("NJLAD"), retaliatory harassment under NJLAD, reprisal under NJLAD, violation of New Jersey's Civil Rights Act ("NJCRA"), deprivation of federally protected rights under Section 1983, and a Monell claim. On May 20, 2022, Plaintiff filed an Amended Complaint as of right with substantially similar claims. ECF No. 4.

In July of 2022, Defendants filed separate Motions to Dismiss the Amended Complaint. ECF Nos. 15 & 16. On January 5, 2023, before these Motions to Dismiss were decided, Plaintiff filed the instant Motion for Leave to File a Second Amended Complaint. On January 27, 2023, the District Judge granted in part and denied in part ECF Nos. 15 & 16. ECF Nos. 24 & 25. The District Judge denied Defendant Vicari's Motion to Dismiss as to Counts I-V but granted the Motion to Dismiss as to Counts I-VI as to Defendants Haines, Crea, and Maskel, and Counts II-VI as to the County. ECF No. 24 at 26-27. The Court granted Plaintiff's Letter Request noting Plaintiff would only take her opportunity to file a further amended complaint, per the District Judge's ruling on the Motions to Dismiss once the instant Motion is decided. ECF No. 29.

## II.  Legal Standard

Rule 15(a) provides in relevant part, where a party seeks to amend beyond the party's right as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)-(2).

Rule 15 "embodies a liberal approach to pleading." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) (citation omitted). "The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case." *Arthur*, 434 F.3d at 206 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The "Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities." *Clinton v. Jersey City Police Dep't*, No. 07-5686, 2017 WL 1024274, at *2 (D.N.J. Mar. 16, 2017) (citing *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990)).

While "amendments are to be liberally granted, the district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989). Courts may reject a Rule 15(a)(2) motion when the amendment sought: (1) causes undue delay; (2) arises from bad faith or dilatory motive on the part of the movant; (3) arises from repeated failure to cure deficiencies by amendments previously allowed; (4) causes undue prejudice to the opposing party by virtue of allowance of the amendment; or (5) is futile. *Foman*, 371 U.S. at 182; *see also Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).

**III. Discussion**

Defendants oppose Plaintiff's instant motion on two grounds. Defendants note that Plaintiff does not make clear whether she is pursuing a claim of conspiracy based on state or federal law. Nonetheless, Defendants first argue that Plaintiff's claim of conspiracy based on state law must fail because she has not complied with the notice requirements under the New Jersey Tort Claims Act ("TCA"). Second, Defendants argue that Plaintiff's Motion should fail because her proposed new claim is not supported by any factual basis under state or federal law. In other words, Defendants believe allowing the amendment would be futile.

    A. <u>State Law Conspiracy Under the TCA</u>

Under the TCA, the party bringing suit against a public entity "must comply with strict requirements for notifying and suing [the] entities." *Doe v. Bd. of Educ. of Vocational-Tech. Sch. Dist. in Cnty. of Gloucester*, No. 17-13793, 2019 WL 2183860, at *3 (D.N.J. May 21, 2019) (citing *Feinberg v. State, DEP*, 137 N.J. 126, 134 (1994)). Prior to filing a complaint, "a plaintiff must submit a notice of claim to the public entity within ninety days of the claim's accrual and must file

3

suit within two years after the claim's accrual." *Id.*; N.J.S.A. 59:8-8(a-b). Notice to a public entity is a "necessary condition precedent to fil[ing] a complaint against the public entity." *Id.*

> These specific notice requirements are meant to achieve several goals. They allow the public entity time to review the claim and to promptly investigate the facts and prepare a defense while the incident is fresh; provide the entity with an opportunity to settle meritorious claims before a lawsuit is filed; afford them an opportunity to correct the conditions which gave rise to the claim; and "inform the State in advance as to the indebtedness or liability that it may be expected to meet."

*Id.*

Here, Plaintiff seeks to amend the Complaint to add a claim of conspiracy under New Jersey law. The Court must determine whether the notice requirement has been formally complied with. If not, the Court must then evaluate whether the Plaintiff substantially complied with the notice requirement. Plaintiff concedes that the notice requirement has not been formally complied with. However, Plaintiff contends that the TCA's notice requirement has been substantially complied with because Plaintiff seeks to add the claim of state conspiracy after already having been engaged in litigation with the qualifying entities under the TCA. Plaintiff does not cite any caselaw supporting this line of reasoning. Plaintiff has not substantially complied with the notice requirement of the TCA simply by way of already being engaged in this litigation with the qualifying entities.

B. <u>Federal Law Conspiracy</u>

Pursuant to Section 1985(3), an injured party harmed by a conspiracy may bring an action alleging the conspiracy was formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). The elements of a civil conspiracy that must be alleged are: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class

4

of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006).

Here, Plaintiff's proposed amendments would be futile as they do not elaborate on a conspiratorial agreement between the Defendants. Plaintiff's proposed amendments should fail because even though, as Plaintiff notes, an agreement may be proven by circumstantial evidence, Plaintiff has failed to allege any agreement to inflict a wrong or injury.

**IV. Conclusion**

For the reasons herein, Plaintiff's Motion is **DENIED**. Accordingly, it is:

So ORDERED this **29th** day of August, 2023; and it is further

ORDERED that Plaintiff may file an amended complaint in accordance with the District Judge's Opinion and Order [ECF Nos. 24 & 25] seeking to cure deficiencies outlined therein; and it is further

ORDERED that any such amended complaint shall be filed within 14 days of the date of this Order, per ECF No. 29.

**Douglas E. Arpert**
**United States Magistrate Judge**