# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARIE ELENA PINE,

      Plaintiff,

      v.

COUNTY OF OCEAN and
COMMISSIONER, JOSEPH H. VICARI,

      Defendants.

Civil Action No. 22-02760 (RK)(DEA)

**MEMORANDUM OPINION**

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Defendant County of Ocean's (the "County") Motion to Dismiss, (ECF No. 42), Plaintiff Marie Elena Pine's ("Plaintiff") "Third" Amended Complaint, (ECF No. 36). Plaintiff filed a brief in opposition, (ECF No. 43), and Defendant filed a reply brief, (ECF No. 44). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED** as to Counts IV, V, and VI and **DENIED** as to Count I.[1]

---

[1] The County's Motion to Dismiss does not reference Plaintiff's Counts II and III of retaliation and reprisal under the LAD. (*See generally*, ECF No. 42.) As stated in Judge Wolfson's opinion, "because protection against retaliation embodied in the LAD is viewed as protecting against reprisals, the Court construes the retaliatory harassment and reprisal claims as a single claim." (ECF No. 24 at 17.) The allegations relevant to Plaintiff's retaliation claims under the LAD are identical to those considered in the Court's discussion of retaliation under Section 1983. *See* Section III.B, *supra*; *see also Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995). For the reasons stated above, Plaintiff established a retaliation claim against Vicari, not the County. As a result, allegations of retaliation under the LAD set forth in Counts II and III as to the County are dismissed.

I.    **BACKGROUND** [2]

At the outset, the Court notes that this litigation is now over two years old, with three complaints filed, and multiple rounds of motions to dismiss filed and considered, without the commencement of discovery. Plaintiff, a twenty-year employee of the County's Office of Senior Services, initiated this employment discrimination action in May 2022 against the County and one of its commissioners, Joseph H. Vicari, ("Vicari", and together with the County, the "Defendants"). (ECF No. 1.)[3] On May 20, 2022, Plaintiff filed her first Amended Complaint (the "FAC"). (ECF No. 4.) The FAC included six counts against Defendants, alleging sexual harassment, retaliation, reprisal, and failure to train claims under the New Jersey Law of Discrimination ("LAD"), the New Jersey Civil Rights Act ("NJCRA"), and 42 U.S.C. § 1983 ("Section 1983"). (*Id.*) Specifically, Count I alleged sex discrimination under the LAD; Count II alleged retaliation under the LAD; Count III alleged reprisal under the LAD; Count IV alleged sex discrimination under the NJCRA; Count V alleged a deprivation of federally protected rights under Section 1983; and Count VI alleged Defendants' custom of failing to train employees in harassment and discrimination deprived Plaintiff of federally protected rights under Section 1983. (FAC ¶¶ 130-151.)

In July 2022, Defendants moved to dismiss the FAC. (ECF Nos. 15 & 16). On January 27, 2023, Judge Wolfson granted in part and denied in part Defendants' Motions to Dismiss. (ECF No. 24.) With respect to Vicari, Judge Wolfson denied the motion to dismiss on all claims in its entirety, as against him (the three LAD counts, the NJCRA claim, and the Section 1983 claim).

---

[2] The facts of this case are well known to the parties and the Court. For this reason, the Court adopts the facts as set forth in the January 27, 2023 Opinion of the Honorable Freda L. Wolfson, U.S.D.J., (ECF No. 24), and recounts only the facts and procedural history necessary to decide the pending Motion.

[3] Plaintiff's initial and subsequent complaint initially named several other Defendants who are not named in the currently operative pleading and therefore are not referenced here.

(*Id.* at 26–27.) With respect to the County, Judge Wolfson dismissed Counts II–VI, with just Count I surviving. Regarding Count VI, Judge Wolfson reasoned that the FAC included conclusory allegations that did not "identify a custom or policy," "specify what the custom or policy was," or assert facts drawing a causal link between the municipal custom and Plaintiff's constitutional deprivation, which required dismissing this claim as to the County. (*Id.* at 26.) Judge Wolfson granted Plaintiff leave to file an amended pleading alleging facts supporting her assertion "that a policymaker of County of Ocean is responsible for a policy or custom of failing to train employees on the topics of discrimination and harassment consistent with this Opinion" to support her assertion that the County is vicariously liable for Vicari's sexual harassment. (*Id.* at 27.)

On September 11, 2023, Plaintiff filed the currently-operative Amended Complaint. ("Am. Compl.", ECF No. 36.)[4] with the following claims against Vicari and the County: Count I alleges sexual harassment under the LAD; Count II alleges retaliation under the LAD; Count III alleges reprisal under the LAD; Count IV alleges sexual harassment and retaliation under the NJCRA; and Count V alleges sexual discrimination and retaliation in violation of the First and Fourteenth Amendment under Section 1983. Count VI is alleged solely against the County for a municipal custom that violates Plaintiff's federally protected rights under Section 1983. Defendant Vicari, after Judge Wolfson's Opinion which denied his motion to dismiss *en toto*, filed an Answer. (ECF No. 41.) Thus, the subject motion involves only the County.

Plaintiff's Amended Complaint alleged that Vicari sexually harassed and discriminated against Plaintiff through unwanted sexual touching, threats, and unfavorable transfers. (*See*

---

[4] Plaintiff labeled the now-operative pleading her "Third Amended Complaint." (ECF No. 36.) However, because her proposed "Second Amended Complaint" included with her prior motion for leave to amend, (ECF No. 21), was never approved for filing, the operative pleading is in fact the second amended complaint. For clarity, this Court refers to Plaintiff's operative "Third Amended Complaint" filed on September 11, 2023, as the "Amended Complaint."

*generally id.* ¶¶ 20–24, 117.) Plaintiff also alleged deficiencies in the County's policy on discrimination and harassment. (*Id.* ¶ 107.) Plaintiff alleges that the County's policy requires discrimination and harassment training at least every-other year but that the County failed to comply with its policy. (*Id.* ¶ 122) In addition, Plaintiff alleges that the policy requires the County to provide discrimination and harassment training on a regular basis to supervisors, but that Vicari only received training "one time in the time period of January 17, 2014, to May 17, 2022." (*Id.* ¶ 126.)

In the Amended Complaint, Plaintiff added facts to her Section 1983 claims in Counts V and VI. Regarding Count V, "Plaintiff alleges that the County engaged in discrimination and retaliation "through unwanted transfers, fail[ing] to properly conduct performance reviews, fail[ing] to investigate claims of retaliation, and defamation." (*Id.* ¶¶ 186, 188.) Regarding Count VI, Plaintiff added that the County failed to train and investigate claims of sexual discrimination, which "reflected a practice that was so widespread as to have the force of law" and "reflects a deliberate or conscious choice by policymaking officials, sufficient to rise to the level of an unofficial custom." (*Id.* ¶¶ 197–98.) Further, Plaintiff alleged that the County, despite having a Discrimination and Harassment Policy, "failed to comply with their policy . . . by failing to train their employees on Discrimination and Harassment" every other year and failing to "provide supervisors with training on a regular basis." (*Id.* ¶¶ 123, 126.) The County now moves to dismiss each of the counts in the Amended Complaint against it. (ECF No. 42.)

II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim

has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). When reviewing a motion to dismiss for failure to state a claim, courts first separate the factual and legal elements of the claims and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210–11 (3d Cir. 2009). While Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Thus, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." (*Id.* at 570.) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010).

## III.   DISCUSSION

### A.   COUNT I – SEXUAL DISCRIMINATION UNDER THE LAD

The Court begins with Count I, which alleges sexual discrimination under the LAD against the County. Judge Wolfson found that the FAC sufficiently plead a hostile work environment and sexual harassment claim under the LAD against Vicari. (ECF No. 24 at 12–14.) Regarding this same claim against the County, Judge Wolfson held that the County failed to meaningfully address Plaintiff's contention that the County is vicariously liable for Vicari's sexual harassment and allowed the claim to proceed. (*Id.* at 15.)

In its current Motion to Dismiss, the County argues it is not vicariously liable for Vicari's sexual harassment because Vicari was not Plaintiff's supervisor. (ECF No. 42 at 15.) Specifically, the County notes that Vicari was "one of five elected officials who are on the governing body of the County" and "liaison to several different departments, including Plaintiff's," but was not "involved in the day-to-day activities of the department, nor did he participate in her performance evaluations." (*Id.*) In response, Plaintiff contends that Vicari was in a position of authority and "had a supervisory role with respect to Plaintiff's employment such that the County may be held vicariously liable for his harassing conduct." (ECF No. 24 at 14.)[5]

Under the LAD, to hold an employer vicariously liable for an employee's sexual discrimination, "a plaintiff must prove an objectionable act or action was done by a supervisor acting as such employer's agent." *Ivan v. County of Middlesex,* 595 F. Supp. 2d. 425, 458 (D.N.J.) (citing *Lehmann v. Toys 'R' Us, Inc.,* 626 A.2d 445 (N.J. 1993)). The New Jersey Supreme Court has held "that employer liability for supervisor hostile work environment sexual harassment [under the LAD] shall be governed by agency principles." *Lehmann,* 626 A.2d at 461. While a supervisor

---

[5] As a threshold matter for vicarious liability, Plaintiff must establish that Vicari is an employee of the County. *Greenman v. City of Hackensack,* 486 F. Supp. 3d 811, 828 (D.N.J. 2020.) Judge Wolfson's Opinion noted that "Vicari's position as an elected official" presents a legal question as to whether the County "may ultimately be found liable on" a vicarious liability theory. (ECF No. 24 at 15.) Under Title VII, the "[t]erm 'employee' means an individual employed by an employer, except that the term 'employee' shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof." *Greenman,* 496 F. Supp. 3d at 831 n.7 (*citing* 42 U.S.C. § 2000e(f)). However, the LAD does not explicitly restrict the definition of employee in the same way. (*Id.*) In any event, the County does not contest that Vicari is an employee, instead arguing Vicari is not a supervisor. (ECF Nos. 42 & 44 at 10) (stating in its brief that the determination of an elected official's status as an employee is a "fact-sensitive inquiry" without putting forth arguments as to why Vicari is not an employee). For these reasons, the Court need not address the question of whether Plaintiff sufficiently established Vicari an employee of the County for liability under Section 1983 and the LAD because the County waived this undeveloped argument in its brief. *Conroy v. Leon,* 306 F. App'x 140, 144 n.10 (3d Cir. 2009); *see also Yeomalakis v. F.D.I.C.,* 562 F.3d 56, 61 (1st Cir. 2009) (noting it is not the job of a court to create arguments for a party who has not made them or to "assemble them from assorted hints and references throughout the brief."); *United States v. Storey,* 595 F. App'x 822, 824 (10th Cir. 2014) (it is not for courts to conjure facts and arguments "fleetingly floated and quickly dropped").

committing sexual discrimination is generally considered to be acting outside the scope of his employment, an employer can still be liable if such behavior falls within one of the exceptions outlined by Section 219(2) of the Restatement (Second) of Agency. (*Id.* at 462.) Under exception 219(2)(d), a plaintiff can establish employer liability if the supervisor was "aided in the commission of the harassment by the agency relationship." *Lehmann*, 626 A.2d at 464.

Furthermore, "in the context of conduct that may give rise to vicarious liability for a hostile work environment, an 'expansive definition of supervisor' applies." *Rios v. Meda Pharm., Inc.*, 252 A.3d 982, 988 (N.J. 2021) (*citing Aguas v. New Jersey,* 107 A.3d 1250, 1272 (N.J. 2015)). An employee is deemed a supervisor "for purposes of . . . [a] hostile work environment claim if either: (1) he was authorized to undertake tangible employment decisions affecting [the plaintiff]; or (2) he was authorized . . . to direct her day-to-day work activities at [the employer]." *Aguas*, 107 A.3d at 1250. The supervisor inquiry turns on "whether the power the offending employee possessed was reasonably perceived by the victim, accurately or not, as giving that employee the power to adversely affect the victim's life." *Entrot v. BASF Corp.,* 819 A.2d 447, 459 (N.J. Super. Ct. App. Div. 2003).

The County cannot be vicariously liable for Vicari's acts unless Plaintiff first establishes that Vicari was her supervisor. When Plaintiff received a promotion in June 2004, she alleges that Vicari "insinuated that if she reported him [for sexual harassment], she would not get any future promotions." (Am. Compl. ¶ 32.) Further, Plaintiff claims Vicari required her "to take him to work events," calling Plaintiff at all "hours of the night asking that she do extra work," and when she questioned Vicari about these requests, he reminded Plaintiff "it was part of her job" and that "he was the boss." (*Id.* ¶¶ 20, 22, 27, 32, 33, 34, 40.) Lastly, Plaintiff claims that Vicari stopped her ability to transfer departments. (*Id.* ¶¶ 116, 117.) Based on the Amended Complaint, at this

preliminary pre-discovery juncture of the ligation, the allegations are sufficient to survive a motion to dismiss, as the Amended Complaint adequately alleges that Plaintiff could reasonably perceive that Vicari had the power to negatively impact her employment. *See Entrot,* 819 A.2d at 459 (noting that evidence showing the alleged harasser "controlled the workplace in subtler and indirect ways" was sufficient "so long as the effect was to restrict the victim-employee's freedom to ignore sexually harassing conduct). The fact that Plaintiff has not alleged that Vicari had exclusive authority to fire Plaintiff or involvement in her day-to-day activities is not dispositive **of** his supervisor status. *See Bonenberger v. Plymouth Tp.*, 132 F.3d 20, 25 (3d Cir. 1997).

To establish vicarious liability, Plaintiff must also allege that Vicari was aided in accomplishing his sexual harassment by the power delegated to him by the County. *See Lehmann*, 626 A.2d at 462. The *Lehmann* Court outlined the analysis for determining whether a supervisor who creates a hostile work environment was enabled by the employer's delegated authority. Courts should consider whether the employer delegated authority to the supervisor and the supervisor's exercise of that authority resulted in an LAD violation that injured the plaintiff. *Id.* Applying this analysis to the case at bar, Plaintiff alleges that the County delegated authority to Vicari to oversee the Office of Senior Services where Plaintiff worked. (Am. Compl. ¶ 14.) Vicari used this authority derived from the County to aid in his sexual harassment of Plaintiff when he would "rub into Plaintiff['s breasts" or "put his hand on Plaintiff's thigh under the table" and then threatened to withhold promotions if Plaintiff reported him. (*Id.* ¶¶ 20, 31.) The Amended Complaint includes sufficient factual allegations to support Plaintiff's claim that the County is vicariously liable for Vicari's sexual discrimination under the LAD. Accordingly, the Count's Motion to Dismiss Count I is denied.

**B.** **COUNTS IV AND V – SEXUAL DISCRIMINATION AND RETALIATION IN VIOLATION OF SECTION 1983 AND THE NJCRA**

The County seeks dismissal of the NJCRA and Section 1983 claims against it, arguing that whatever Vicari's conduct, the County cannot be vicariously liable for either sexual discrimination or retaliation claims through a theory of *respondeat superior*.[6] The Court briefly addresses each claim in turn.

Judge Wolfson found that Plaintiff adequately alleged a Section 1983 sexual harassment claim against Vicari. (ECF No. 24 at 24.) Plaintiff argues that based on Judge Wolfson's decision and because the County "acted through Vicari," she therefore also successfully pleaded a Section 1983 sexual harassment claim against the County. (ECF No. 43 at 6.) In arguing for dismissal, the County notes that Plaintiff has not "allege[d] that such discrimination was perpetuated by the County" and thus cannot hold the County vicariously liable for Vicari's misconduct. (ECF No. 42 at 8.)

To establish an equal protection claim based on sexual discrimination, a plaintiff must allege facts supporting, among other elements, that "a basis for personal liability" exists against each defendant. *Holt v. Pennsylvania*, 683 F. App'x 151, 160 (3d Cir. 2017); *see also Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (stating that a plaintiff must allege a "plausible nexus" or "affirmative" link between the constitutional violation and the municipality's actions). The Amended Complaint fails in this critical regard.

Plaintiff does not present factual allegations that the County perpetuated the sexual harassment that constituted a violation of Plaintiff's federally protected rights, in contrast to her

---

[6] Federal courts construe claims under the NJCRA as coextensive with claims under Section 1983. *See, e.g.*, *Ingram v. Twp. of Deptford*, 911 F. Supp. 2d 289, 298 (D.N.J. 2012); *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011); *Samoles v. Lacey Twp.*, No. 12-3066, 2014 WL 2602251 (D.N.J. June 11, 2014) (noting New Jersey courts consistently look at claims under the NJCRA "through the lens of § 1983" because the NJCRA was modeled after Section 1983).

allegations against Vicari. (*See generally* Am. Compl.) Plaintiff's contention that Judge Wolfson's decision as to Plaintiff's equal protection claim against Vicari establishes a viable claim against the County misapprehends the law. (ECF No. 43 at 6.) This argument relies on a theory of *respondeat superior*, which would render the County responsible for Vicari's actions. However, under Section 1983, "a municipality cannot be held liable [ ] on a *respondeat superior* theory." *Monell*, 436 U.S. at 694–95 (1978); *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986) (holding local governments "are responsible only for their own illegal acts"). As a result, without factual allegations making clear how the County directly caused Plaintiff's sexual harassment, under Section 1983, the County is not liable for the sexual harassment Vicari allegedly inflicted on the Plaintiff.[7]

With respect to the retaliation claims, Plaintiff alleges that the County retaliated against her for reporting Vicari's sexual harassment through "unwanted transfers, fail[ing] to properly conduct performance reviews, fail[ing] to investigate claims of retaliation and reprisal, and defamation." (Am. Compl. ¶ 188.) The crux of Plaintiff's retaliation claim under Section 1983 is the allegation that she was denied a transfer in retaliation for reporting Vicari's sexual harassment. (*Id.* ¶ 117.) Plaintiff incorrectly argues that Judge Wolfson already ruled that she adequately pled a claim for retaliation against the County. (ECF No. 43 at 6.) The County responds that Plaintiff fails to show how the County caused Plaintiff's transfer denial. (ECF No. 42 at 11.)

To plead retaliation under Section 1983, a plaintiff must allege facts supporting that (1) she "engaged in protected activity, (2) the defendants' retaliatory action was sufficient to deter a person

---

[7] The County also argues that Plaintiff failed to allege that she is a member of a protected class or identify "other similarly situated individuals who were treated differently," (ECF No. 42 at 7–8), as is required to make out a sexual discrimination claim, *see Holt*, 683 F. App'x at 160. However, in light of Plaintiff's failure to establish a direct causal link between the County's actions and Plaintiff's injury, the Court need not reach the County's additional argument.

of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).

Plaintiff's retaliation claim against the County must be dismissed for the same reason as her sexual harassment claim. As explained above, the County's liability under Section 1983 cannot be based on a theory of *respondeat superior*. *See Monell*, 436 U.S. at 690. Plaintiff complains that several individuals—Vicari, Commissioner Haines, and Commissioner Crea—"refused to transfer [her] to the Senior Center in retaliation for her reporting the actions" of Vicari. (Am. Compl. ¶ 117.) However, the Amended Complaint does not allege that the County participated in denying this transfer. Indeed, Judge Wolfson dismissed Plaintiff's retaliation claims against the County altogether, (ECF No. 24 at 1), and the Amended Complaint does not add any new facts pertaining to this claim. Accordingly, Plaintiff's argument that the County "acted through Vicari when he took the adverse employment action" relies on *respondeat superior* that is impermissible under Section 1983. Plaintiff's contention that "Judge Wolfson already ruled on these issues," (ECF Nos. 43 at 6, 11), misinterprets the Court's prior decision by equating a successful retaliation claim against Vicari under the LAD as a successful retaliation claim against the County under Section 1983 and the NJCRA. Accordingly, Counts IV and V, as to the County, are dismissed.

## C.   COUNT VI – *MONELL* CLAIM

The County contends that the Amended Complaint suffers the same defects Judge Wolfson previously identified and that Plaintiff's failure-to-investigate or train claim ("*Monell* Claim") does not specify a County custom or policy that caused Plaintiff's injuries. (ECF No. 44 at 1–7.) The County continues that the Amended Complaint's new paragraphs related to the *Monell* Claim contain conclusory allegations that are insufficient to survive a motion to dismiss. (ECF No. 42 at

22; ECF No. 44 at 6.) Plaintiff responds that the Amended Complaint adequately alleges that the County's failure to train its employees and investigate complaints of sexual discrimination "reflects a deliberate or conscious choice by policymaking officials, sufficient to rise to the level of an unofficial custom." (Am. Compl. ¶ 198.) In her reply brief, Plaintiff also asserts that Vicari qualifies as a policymaker such that his decisions "may subject [his] municipal employer[] to § 1983 liability." (ECF No. 43 at 25.) In short, Plaintiff contends that the prior Complaint's flaws have been cured.

The Supreme Court decided in *Monell* that a municipality can be liable under Section 1983 "only where the municipality itself causes the constitutional violation at issue." *Monell,* 436 U.S. at 694–95. "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983." *Springfield v. Kibbe,* 480 U.S. 257, 267 (1987) (O'Connor, J., dissenting) (quoting *Monell,* 436 U.S. at 694). The "first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris,* 489 U.S. 378, 388 (1989).

A municipal policy or custom can be established in one of two ways. *See Bielevicz v. Dubinon,* 915 F.2d at 850. A plaintiff can point to an official statement of a "decisionmaker possessing final authority to establish municipal policy." *Id.* This can be "a single decision by a municipal policymaker under appropriate circumstances." *Pembaur,* 475 U.S. at 480. Alternatively, a plaintiff can establish municipal policy by "producing proof that the…sexual harassment alleged reflects a 'practice' or a 'course of conduct' among municipal officials which is 'so permanent and well settled as to virtually constitute law.'" *Hargrave v. County of Atlantic,* 262 F. Supp. 2d 393, 413 (D.N.J. 2003) (*quoting Andrews v. City of Philadelphia,* 895 F.2d 1469,

1480 (3d Cir. 1990)).  Either way, a plaintiff must show that "an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz*, 915 F.2d at 850.

In limited circumstances, municipalities may be liable under Section 1983 for inadequately training their employees; however, the Supreme Court has noted a government's "culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson,* 563 U.S. 51, 61 (2011). To establish a failure to train claim, a plaintiff must show the municipality's actions constitute "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *City of Canton,* 489 U.S. at 388. A plaintiff must prove that the deficiency in training caused the constitutional deprivation. *Id.*

Plaintiff argues in her brief that Vicari has policymaking authority because "County Commissioners "are given broad powers to regulate County . . . affairs." (ECF No. 43 at 26–27). The Court agrees that Vicari's broad authority to regulate County affairs is sufficient to establish him, in a general sense, as a policymaker for the County. *See Pembaur,* 475 U.S. at 480 (noting a policymaker is an official "whose acts or edicts may fairly be said to represent official policy"). However, the Amended Complaint does not allege how Vicari, as a policymaker, was responsible for the County's failure to investigate or how this custom caused Plaintiff's sexual harassment.[8]

Further, Plaintiff fails to show that the County's failure-to-investigate policy was so well established as to constitute law, as required for Section 1983 liability in this context. *Hargrave,*

---

[8] Plaintiff cites to *Bair v. City of Atlantic City* for the proposition that she is not required to establish the County as a policymaker because "those details can be developed through factual discovery." 100 F. Supp. 2d 262, 268 (D.N.J. 2000) (*citing Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1989) ("[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.")). Notwithstanding, Plaintiff still fails to allege a causal connection between the County's failure to investigate or failure to train policy and Plaintiff's injury.

262 F. Supp. 2d at 443. Plaintiff alleged that she met with Keith Goetting in August 2017 and reported that Vicari was sexually harassing her. (Am. Compl. ¶ 60.) Following this meeting, the County allegedly did not investigate Plaintiff's claims or take any action. (*Id.* ¶ 61.)[9] When Plaintiff reported Vicari's behavior again in 2021, telling Robert Greitz, Director of Employee Relations at the County, the County told Vicari to "stay away from the Plaintiff, [and] not to call or have contact" with her. (*Id.* ¶¶ 99–100.) The Amended Complaint fails to show how the County's failure-to-investigate policy in response to sexual harassment complaints was so well established as to constitute law, when the County took steps in response to Plaintiff's complaint to Greitz and responded accordingly. *Hargrave,* 262 F. Supp. 2d at 443. The additional paragraphs in the Amended Complaint relating to Plaintiff's failure-to-train claim fail to establish a causal connection between the deficient training and Plaintiff's injury. Plaintiff alleges that the County failed to train its employees in accordance with the County's Discrimination and Harassment policy. (*Id.* ¶ 123.) However, Judge Wolfson already noted that such an allegation was insufficient to "identify a custom or policy." (ECF No. 24 at 26.) Further, Plaintiff's claims fail to show how the County's lack of training constituted deliberate indifference to Plaintiff's constitutional rights to the extent that such a policy was the driving force behind Plaintiff's sexual harassment. *See Canton,* 489 U.S. at 388; (Am. Compl. ¶ 197.) Accordingly, the Amended Complaint remains deficient for the same reasons outlined by Judge Wolfson, by failing to show how the County's

---

[9] The Court notes that Plaintiff reported Vicari to Keith Goetting in 2017. (Am. Compl. ¶ 60.) The County's policy against discrimination and harassment instructs employees to report complaints to an immediate supervisor, department head, or director of employee relations. (*Id.*) It is unclear from the Amended Complaint whether Mr. Goetting held one of these designated positions. When Plaintiff reported Vicari in 2021 to Mr. Greitz, the director of employee relations, the County promptly acted in response. (*Id.* at 99–100.)

failure to train its employees constituted a policy that resulted in Vicari's sexual harassment of Plaintiff. (ECF No. 24 at 26.); *see also City of Canton,* 489 U.S. at 385.

The Third Circuit has held that district courts may dismiss claims with prejudice where amendment would be "inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("Among the grounds that could justify a denial of leave to amend [include] undue delay… and futility." (citations omitted)).   Judge Wolfson's twenty-seven-page opinion identified the specific deficiencies in Plaintiff's FAC, and the Court availed the Plaintiff an opportunity to cure them. (ECF No. 24 at 26.)  This is the Third operative complaint. (ECF No. 36.) The Court is also cognizant of the fact that this case has been pending since May 2022, and Counts IV, V, and VI remain deficient for the same reasons as stated in Judge Wolfson's Opinion.  *See Columbus LTACH Mgmt., LLC v. Quantum LTACH Holdings, LLC,* No. 16-6510, 2019 WL 2281632, at *4 (D.N.J. May 29, 2019) (dismissing with prejudice because plaintiff had repeatedly failed to correct the same deficiency in his pleading). Accordingly, the Court dismisses Counts IV, V, and VI with prejudice because amendment of these claims.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss, (ECF No. 42), is **GRANTED** in part and **DENIED** in part. Count I remains against Defendant County and Plaintiff's remaining claims are dismissed with prejudice. An appropriate Order follows.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

<u>Dated</u>: May 30, 2024